## No. 18,996.

CARL L. TOLLEFSON *v.* SAFEWAY STORES, INCORPORATED,
ET AL.
(351 P. [2d] 274)

Decided April 18, 1960.

Mr. HAROLD J. HEAFER, for plaintiff in error.

Messrs. McNICHOLS, DUNN & NEVANS, for defendant in error John E. Hyland.

Messrs. HOLLAND & HART, Mr. WILLIAM C. McCLEARN, Mr. H. RICHARD BERESFORD, for defendant in error Safeway Stores, Inc.

*In Department.*

Opinion by MR. JUSTICE KNAUSS.

WE shall refer to the parties as they appeared in the trial court, or by name.

Tollefson, apparently hard-pressed in his effort to state a claim, filed a second amended complaint labeled "Invasion of Privacy; Slander, Breach of Contract and Infringement of Constitutional Rights." He sought damages on each of these claims in the sum of $6,000, together with exemplary damages in the sum of $4,000 on each claim. To the second amended complaint defendants filed motions to dismiss each of the counts thereof for failure to state a claim upon which relief could be granted. These motions were sustained, the action dismissed with prejudice, and Tollefson is here on writ of error.

From the record it appears that on December 9, 1955, Tollefson was employed by a Heating Company and received from his employer a payroll check which he thereafter endorsed and cashed at a Safeway store in Denver. Shortly thereafter Tollefson's employer was adjudicated a bankrupt and the check was not paid. In January 1957 Tollefson was employed as a policeman in Denver. Safeway Stores placed this check with defendant Hyland for attention and collection and in November 1957 the latter contacted Tollefson, advising him that the check had not been honored and demanded payment. Tollefson informed him that no action would be taken in regard thereto until after he had consulted a lawyer. Some ten days later Hyland telephoned Tollefson's residence and informed his wife that if payment was not made Tollefson's job as a police officer would be in jeopardy. It is alleged that thereafter in January 1958 Hyland contacted the City Auditor of Denver advising him, as quoted from plaintiff's brief, "He (the Auditor) could avoid having to be served with a garnishment writ on plaintiff's salary if plaintiff were informed by appropriate city officials that they knew of

the situation and if plaintiff were further advised that the city officials looked unfavorably upon such matters and ensuing garnishments." It is then alleged that the City Auditor contacted the Manager of Safety, who in turn directed plaintiff's sergeant to contact plaintiff and direct him to justify his position. Thereupon counsel for plaintiff advised the sergeant that in his opinion no liability rested on Tollefson to pay said check. No further action was taken by anyone.

Tollefson summarizes his claims for damages in his brief as follows: " * * * these injuries entail mental apprehension, humiliation, embarrassment, mental suffering arising from being subjected to ridicule, scorn and mental suffering arising from the unwarranted attack upon his credit reputation."

Plaintiff's main contention is based on an alleged "Invasion of Privacy" occasioned by the acts and conduct of the defendants as above set forth.

█ The latest pronouncement of the rule here urged is found in the case of *Gouldman-Taber Pontiac v. Zerbst*, 213 Ga. 682, 100 S.E. (2d) 881. It was there held that a creditor who wrote a letter to an employer notifying him that the employee involved was indebted to creditor, and seeking the employer's aid in collecting the debt did not violate the employee's right of privacy. The Georgia courts recognize a right of action for invasion of privacy. Many other courts do not. In the *Gouldman-Taber case,* supra, the court said: "The right of privacy is not absolute but is qualified by the rights of others. 'No individual can live in an ivory tower and at the same time participate in society and expect complete non-interference from other members of the public.' *Voneye v. Turner*, Ky. App. 240 SE (2d) 588 * * *. But one, who, like the Plaintiff, is employed by a large corporation, who is an active participant in the business world, who has an automobile and drives it upon the highways, has it serviced and repaired, and obtains credit for goods and services in repairing her car, may

expect reasonable conduct on the part of those with whom she does business and from whom she gets credit. * * * She may expect her employer to want her to pay her bill and may further expect her creditor to use reasonable means to persuade her to do so, and on failure to persuade to force her to do so through the courts."

In *Lewis et ux v. Physicians and Dentists Credit Bureau,* 27 Wash. (2d) 267, 177 P. (2d) 896, the court said: "It is not necessary to answer appellant's first question as to whether or not a right of privacy exists, or to align this court definitely with either those who do, or those who do not recognize the existence of the right of privacy. We merely hold that, if the right of privacy has any existence in this state, the conduct of the respondent as set forth in the complaint does not constitute a violation thereof. * * * A single telephone call to an employer, advising that a certain employee owed a bill and was refusing to pay the same and the creditor, or his assignee, intended to start proceedings and garnishee the employee's wages, would not constitute either 'undue' or 'oppressive' publicity and would not be actionable violation of such employee's right of privacy.

"The demurrer to appellant's complaint was properly sustained, and the judgment of dismissal should be affirmed."

See, also, *Patton v. Jacobs,* 118 Ind. App. 358, 78 N.E. (2d) 789; *Judevine v. Benzies-Montayne Fuel and Warehouse Co.,* 222 Wis. 512, 269 N.W. 295; *Hawley v. Professional Credit Bureau, Inc.,* 345 Mich. 500, 76 N.W. (2d) 835; *Lucas v. Moskins Stores, Inc.,* (Ky App.) 262 S.W. (2d) 679; *Voneye v. Turner,* supra.

In *Housh v. Peth,* 165 Ohio St. 35, 133 N.E. (2d) 340, it was said: "We recognize that a creditor has a right to take reasonable action to pursue his debtor and persuade payment, although the steps taken may result to

a certain degree in the invasion of the debtor's right of privacy. Simply informing the debtor's employer of the fact that the debt is owed, of itself, would not constitute an invasion of the right."

In the instant case there was no campaign of continuous harrassment, no attempt to vilify or expose plaintiff to public ridicule, and no effort to cause plaintiff to lose his position as a police officer. Even were we to recognize the "right to privacy" as applicable in this state, we are persuaded that the facts of the instant case do not bring it within the doctrine. It is not an invasion of privacy to remind one of his obligations be they legal or moral.

Plaintiff's second claim was one for slander based on the foregoing facts. The third claim was for an alleged breach of "Implied Contract," based on the negotiable instruments law of Colorado. It is contended that "Neither the Negotiable Instruments Law nor the custom and usage of this community contemplate or authorize the action pursued by Defendant Hyland. Just the opposite — Defendant Hyland's activities constituted breaches of the contractual requirements of the NIL and forfeited any rights he or his principal might otherwise have enjoyed thereunder." Plaintiff's fourth claim was based on an alleged "Infringement of his Constitutional Rights." Under this claim he asserts that plaintiff has certain inalienable rights to "enjoy life, and secure safety and happiness." Obviously the fourth claim is essentially the same as the first claim. We deem it unnecessary to comment on the second, third and fourth claims, other than to say that none of them state a claim upon which relief could be granted under the facts as pleaded.

It is obvious that Safeway is out the amount of the check cashed by it at the instance of plaintiff, and it cannot be said that this loss has contributed to its "safety and happiness." It has pocketed its loss, and cannot be mulcted in damages under the facts pleaded.

Hyland's acts in connection with the transaction are not such as to form the basis of an award of damages.

The judgment is affirmed.

MR. CHIEF JUSTICE SUTTON and MR. JUSTICE HALL concur.