527 P.2d 925 (1974)
Alice L. OTTEN, Plaintiff-Appellee,
v.
John C. BIRDSEYE, Defendant-Appellant.
No. 73-267.
Colorado Court of Appeals, Div. I.
October 8, 1974.
*926 Friedman, Bader & Dufty, Lawrence E. Schauf, Denver, for plaintiff-appellee.
Charles D. Burg, Denver, for defendant-appellant.
Not Selected for Official Publication.
COYTE, Judge.
Plaintiff filed suit against defendant seeking judgment for $3,000 which she claimed was the amount remaining due on a $4,000 loan she had made defendant to use as a down payment to buy a home in Maryland. Defendant answered contending that the loan was made jointly to defendant and his wife, plaintiff's daughter, and that a release of the daughter from the obligation to repay the loan released defendant. Defendant also filed a counterclaim alleging that plaintiff had improperly filed a lis pendens against property owned by him in Colorado, that plaintiff had improperly attached the same property, and that these acts constituted an invasion of privacy. At the conclusion of a trial to the court, it entered judgment in favor of plaintiff in the amount of $3,000 and dismissed defendant's counterclaim.
There is no conflict in the evidence that plaintiff loaned $4,000. However, plaintiff contends that the loan was to defendant, while defendant contends that the loan was to him and his wife. The evidence revealed that plaintiff's check was made payable to defendant and that defendant repaid $1,000 of the loan. Plaintiff made no claim against her daughter, and, in her answers to interrogatories, stated that her daughter is not indebted to her, and that she seeks to recover the entire amount from defendant. Defendant testified that plaintiff agreed to loan the money to him and his wife and contends that since plaintiff answered an interrogatory saying that the daughter was not indebted to her, plaintiff has released the daughter from the obligation without reserving any rights *927 against the defendant and that therefore defendant is also released. Apart from this testimony, the only other evidence introduced was a check for $4,000 from the plaintiff to the defendant, and two checks from the defendant to plaintiff totalling $1,000.27 which repaid part of the loan. On the basis of the testimony and the checks, the trial court ruled that the loan was made to defendant individually and not jointly to defendant and his wife.
The trial court is the trier of fact, and since its finding that there was no joint obligation is supported by the evidence, it will not be disturbed on review. Linley v. Hanson, 173 Colo. 239, 477 P.2d 453. The trial court's ruling that defendant is indebted to plaintiff for $3,000 plus interest is affirmed.
Defendant filed two counterclaims, but, during the trial, he waived the first counterclaim and elected to proceed on the second claim of invasion of privacy.
After the present action was begun, plaintiff filed a motion and affidavit causing the court to issue writ of attachment against certain property owned by defendant in Colorado. She contended that defendant was pressed financially and was about to sell or transfer the property, but no claim was made by plaintiff that the contemplated transfer was fraudulent. On motion, because of the insufficiency of the affidavit, the writ was dissolved. Plaintiff also filed a lis pendens against defendant's property. Because of these actions, the defendant requested damages contending that there was an invasion of his right to privacy.
Although Rugg v. McCarty, 173 Colo. 170, 476 P.2d 753, cited by defendant, held that there was an actionable tort for an invasion of privacy, it is not applicable here because there is no evidence of repeated harassment by plaintiff in her effort to collect from defendant. Further, under the same or similar circumstances, the action taken by plaintiff in furtherance of her suit against defendant would not foreseeably result in extreme mental anguish, embarrassment, humiliation, or mental suffering and injury to a person possessed of ordinary sensibilities. Defendant's evidence was insufficient, as a matter of law, to establish a cause of action for invasion of privacy.
Defendant also contends that he is entitled to recover damages for invasion of privacy under 1967 Perm.Supp., C.R.S. 1963, 40-4-33, in effect at the time of the happening of the events which transpired herein. This statute has no application to the facts in this case. We note that it was repealed by Colo.Sess.Laws 1971, p. 388, effective July 1, 1972.
However, although the invasion of privacy claim was properly dismissed, defendant in the prayer of his counterclaim did request that the lis pendens be cancelled, and the trial court erred in holding that the recording of the lis pendens was proper.
C.R.C.P. 105(f) provides as follows:
"After filing any pleading wherein affirmative relief is claimed affecting the title to real property, a party may file in the office of the recorder of the county in which the property is situated a notice of lis pendens containing the names of the parties, the nature of the claim, and a description of the property in that county affected thereby."
Plaintiff was not challenging the title to defendant's property nor claiming an equitable interest therein. She merely wanted to secure a judgment, which when obtained, she could use to secure a lien against defendant's property. The fact that plaintiff had the advice of counsel before she caused the lis pendens to be filed does not add to its authenticity. The filing thereof was improper and thus void ab initio.
Judgments that were entered in favor of plaintiff are affirmed, and cause is remanded with directions to the trial court to enter an order releasing the lis pendens as of the date it was filed.
ENOCH and RULAND, JJ., concur.