Jules THOMAS, Jr.

v.

SOUTHDOWN SUGARS, INC. et al.

Civ. A. No. 78–1916.

United States District Court,
E. D. Louisiana.

Feb. 26, 1980.

Donald Juneau, New Orleans, La., for plaintiff.

Robert K. McCalla, New Orleans, La., for defendants.

CHARLES SCHWARTZ, Jr., District Judge.

This matter came on for hearing on February 20, 1980 on motion of defendant to dismiss. After careful consideration of the memoranda of the parties, oral argument of counsel, the record, and the law, the Court assigns the following reasons for ruling:

The original and amended complaints and record reflect the following sequence of events. Plaintiff, a black, was employed by Southdown Sugars, Inc. as a carbon (filtration) house working foreman. During August 1975 he applied for the position of sugar boiler. Two other employees also applied for the position of sugar boiler— Willie Scott, a black, and Steve Melancon, a white. Willie Scott had seniority over plaintiff, but Steve Melancon did not. The position of sugar boiler has two such classifications, a "white sugar boiler" and a "raw sugar boiler." Although both sugar boiler positions have the same job classification and receive the same rate of pay, the raw sugar boiler is considered the superior position.[1]

Willie Scott was awarded the position, apparently because of his seniority. However, during the 1975 grinding season Scott was transferred to the job of evaporator (a superior position), plaintiff was the given the job of white sugar boiler, and Steve Melancon was awarded the job of raw sugar boiler. At the end of the grinding season plaintiff was told his assignment had only been a temporary one and Willie Scott was transferred back to white sugar boiler while plaintiff was transferred back to his old job as carbon (filtration) house working foreman. Steve Melancon remained in his position as raw sugar boiler.

On January 19, 1976 plaintiff filed Charge No. 062–76–1343 (Charge I) with the E.E.O.C. which alleged the following:

"I believe that the above-named company discriminated against me because of my race, black, by demoting me in status and pay. I was promoted to a sugar boiler in 8/75. In 1/76 I was demoted from a sugar boiler to a working foreman. I have not received any warnings about my work performance. I believe John Camp-

1. Defendant concedes this recognized fact at page 2 of its supplemental memorandum when it states "June 26, 1977: Plaintiff was demoted (underlining ours) from 'raw' sugar boiler back to 'white' sugar boiler because of poor job performance."

bell (W/M) is responsible for my demotion.

Also I believe that the above named union failed to represent me because of my race, black."

A notice of right to sue for Charge I was issued on March 17, 1978, and this proceeding was timely filed on June 13, 1978.

Although plaintiff in his charge uses the word "demotion" to describe his complaint, it is obvious that he is referring to the chain of events which resulted in a white (Melancon) with less seniority being retained in the higher job classification at the end of the grinding season and he was sent back (or one might say demoted) to the lower job. It would be grossly unfair to restrict this laborer to a strict definition of the word "demotion" or to expect him to be as articulate as those whose occupation depends in large measure upon their choice of language.

On February 13, 1976, plaintiff filed Charge No. 062–76–1523 (Charge II) with the E.E.O.C. which alleged the following:

"Since I filed a charge of discrimination based on racial discrimination I have been continually harassed and intimidated by company officials. I am being required to perform duties out of my job description."

In accordance with E.E.O.C. procedures defendant Southdown Sugars, Inc. received timely notice of this complaint. However, for some unexplained reason (unless we conclude that the E.E.O.C. felt that the investigation of Charge I implicitly encompassed these charges) a right to sue notice for Charge II was not issued until October 3, 1978, or almost four months after this suit was filed.

Whether or not it was motivated by Charges I and II is not known, but in June 1976 plaintiff was promoted to the position of white sugar boiler and in May of 1977 was promoted to raw sugar boiler, i. e., he was finally placed on a par with Steven Melancon over whom he enjoyed a senior status. However, this promotion was short-lived and he was demoted back to white sugar boiler. Defendant claims that the demotion was due to poor job performance and this remains a material allegation of fact which is in dispute between the parties. After this action on the part of defendant Southdown Sugars, Inc., plaintiff on July 26, 1977 filed Charge No. 062–77–2038 (Charge III) with the E.E.O.C. which alleged the following:

"I have been discriminated against because of my race, black and because I filed previous charges of discrimination against this company. Specifically:

About two months ago [i. e. May 1977] I was given the position of Raw Sugar Boiler. I performed this job until today [July 26, 1977] when I was demoted. The reason given for demoting me was that I was causing the company to lose money. I was never warned or reprimanded while performing the job.

I feel that I was treated unfairly by the company because of my race and because I filed previous charges against them. I have been confronted many times by company officials regarding these charges."

A notice of right to sue for Charge III was issued on March 17, 1978 and this proceeding was filed within ninety days.

Plaintiff has amended his original complaint to offset defendant Southdown Sugars, Inc.'s contention that the complaint alleged facts which are only sufficient to sustain those matters referred to in Charge I and therefore he has not proceeded timely to sue for matters in Charges II and III and thus he is barred from asserting them. Plaintiff has also amended his complaint to state a cause of action under 42 U.S.C. § 1981.

Insofar as Charge I is concerned (and since for the reasons hereinabove set forth we do not restrict the interpretation of the word "demotion" as sought by defendant Southdown Sugars, Inc.), plaintiff alleges a prima facie case under Title VII, *McDonald Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 97 S.Ct. 1843,

52 L.Ed.2d 396 (1977); *Furnco Construction Corp. v. Waters*, 438 U.S. 567, 98 S.Ct. 2943, 57 L.Ed.2d 957 (1978), and because there are material facts in dispute, summary judgment is not appropriate.

Whether or not plaintiff is entitled to pursue Charges II and III depends on whether the allegations of the original complaint are sufficient to encompass them and whether or not, if an amendment is required, the amended facts arise out of the same act or occurrence as set forth in the original complaint which permits them to relate back to the date of the original pleading in accordance with Rule 15(c) FRCP.

■ Paragraph 6 of the original complaint alleges facts in addition to what is claimed in Charge I. The Federal Rules are designed to replace common law pleading with a type of notice pleading, and the employment of discovery, pre-trial orders and motion practice obviates the archaic requirement of technical fact pleadings. The allegations in Paragraph 6 of the original complaint are broad enough to give notice of the type of activity which forms the basis of Charge III. Specifically, the term "harassed," especially in the context of a race discrimination claim, can include as alleged in Count III such actions as demotion, demotion without a reprimand, unfair treatment because of race, unfair treatment because of previously filed charges, and being confronted many times by company officials concerning these charges. Although the complaint could be drafted more articulately, it gives fair notice and conforms to the requirements of Rule 8(a)(2) FRCP. *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 465 (5th Cir. 1970); *Lansdale v. Air Line Pilots Ass'n International*, 430 F.2d 1341 (5th Cir. 1970); *Washington v. T. G. & Y. Stores Co.*, 324 F.Supp. 849, 855 (W.D.La.1971). The amended complaint, to the extent it further demonstrates that the matters set forth in Charge III are being prosecuted, is sufficient to withstand a motion to dismiss because the original complaint encompasses its charges.

■ A right to sue notice with respect to Charge II was not received until several months after suit was filed. Therefore, it is questionable whether the complaint may originally have been intended specifically to include this claim. However, it is not necessary to exhaust remedies prior to filing suit for claims of retaliation growing out of an earlier charge as there is ancillary jurisdiction to prosecute them along with the later claim. *Pettway v. Cast Iron Pipe Co.*, 411 F.2d 998, 1005 (5th Cir. 1969); *Held v. Missouri Pacific R.R. Co.*, 373 F.Supp. 996, 1001 (S.D.Tex.1974).

■ Having concluded that the term "harass" as used in Paragraph 6 of the original complaint was sufficient to support the allegation of retaliation referred to in Charge III, we could likewise be content to conclude it also applies to Charge II. However, the scope of a Title VII complaint is also governed by the extent of the E.E.O.C. investigation which can reasonably be expected to grow out of an E.E.O.C. charge. *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970); *Silver v. Mohasco Corp.*, 602 F.2d 1083, 1090–91 (2d Cir. 1979); *Smith v. American President Lines, Ltd.*, 571 F.2d 102, 107 n. 10 (2d Cir. 1978); *Tipler v. E. I. duPont deNemours & Co.*, 443 F.2d 125, 131 (6th Cir. 1971). This principle is particularly applicable to the instant case as the E.E.O.C. had Charge I under investigation and, before completing same it received the retaliation claim described in Charge II. Therefore both arise out of the same conduct or occurrence that was set out in the original pleading. Moreover, since between January 1976 and June 1977 plaintiff was promoted, transferred back to his old job, complained of retaliation, then promoted to a better job while the E.E.O.C. was investigating his charges, promoted to the job that his junior in seniority obtained in January 1976, then demoted to an inferior position, all three charges are a part of the same continuous act or occurrence. *Campbell v. A. C. Petersen Farms, Inc.*, 69 F.R.D. 457, 463 (D.Conn.1975).

Insofar as Charge II is concerned, the amended complaint relates back to the original filing of the complaint and thus allegations in support of this claim are sufficient to withstand the motion to dismiss same.

Plaintiff's amended complaint also seeks relief pursuant to 42 U.S.C. § 1981. Plaintiff concedes (Pg. 6 of plaintiff's memorandum filed February 13, 1980) that this claim is limited to matters which occurred since June 12, 1979, *i. e.*, one year prior to the date this suit was filed as measured by the applicable Louisiana statute of limitations, La.Civ.Code art. 2315; *Ingram v. Steven Rubert Corp.*, 547 F.2d 1260 (5th Cir. 1977). Plaintiff must show that defendant Southdown Sugars, Inc. continued to engage in discriminatory practices during this period of time in order to maintain this § 1981 cause of action. *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241 (5th Cir. 1980). However, since the claim arises out of the same acts and occurrences alleged in the original complaint it may be maintained and considered.

Accordingly, defendant Southdown Sugars, Inc.'s motion for summary judgment is DENIED, and plaintiff may prosecute his claim under Charges I, II and III and pursuant to 42 U.S.C. § 1981 for discriminatory practices during the one-year period of time prior to June 12, 1978.