George DENT, Plaintiff,

v.

**UNITED STATES POSTAL SERVICE,
et al., Defendants.**

No. C–1–81–537.

United States District Court,
S. D. Ohio, W. D.

May 13, 1982.

Wanda Perkins Coats, Cincinnati, Ohio, for plaintiff.

Gary Moore Eby, Cincinnati, Ohio, for American Postal Workers Union, John Panzeca, President and Matthew L. Davis.

Elizabeth Gere Whitaker, Asst. U. S. Atty., Cincinnati, Ohio, for U. S. Postal Service, Richard H. Joesting, Manager, Percy C. Mayberry, Supervisor, William Smith, Superintendent.

SPIEGEL, District Judge:

This matter came on for consideration of the Federal defendants' motion to dismiss (doc. 10), plaintiff's response (doc. 11), and the Federal defendants' reply (doc. 12). In this case plaintiff, a former Postal Service employee, sued the United States Postal Service, several of its employees and his Union. The original complaint stated no jurisdictional basis and, upon motion of the Federal defendants (doc. 4), the complaint was dismissed (doc. 6). However, the Court granted plaintiff thirty days to file an amended complaint, alleging the jurisdictional basis for his action against the Federal defendants. An amended complaint was filed by the plaintiff within thirty days but the Federal defendants argue, among other things, that they were not served in conformity with Rule 4, Fed.R.Civ.P., and that plaintiff did not seek leave to file his amended complaint. They argue that the amended complaint should therefore be dismissed.

In their original motion to dismiss, the Federal defendants contended that because there was no jurisdictional basis alleged in the complaint, they were unable to ascertain what the cause or causes of action against them were; and whether the suit was over plaintiff's discharge from employment, or whether it related to the Postal Service's failure to rehire the plaintiff after a period of suspension. The Federal defendants also contended that the complaint was unclear as to whether plaintiff was alleging the termination or failure to rehire was a breach of contract or constituted discrimination. The Federal defendants renewed their motion to dismiss after plaintiff filed an amended complaint, contending that plaintiff had not served the parties properly, that he had named the wrong defendants, and that the causes of action alleged against the Federal defendants were time-barred. Plaintiff's opposition to the motion asserts that the amended complaint relates back to the filing date of the original complaint, and that service need only be made on counsel under such circumstances. Apparently, plaintiff does not oppose a dismissal of the individual Federal defendants and we find that such dismissal is proper. Postal employees are not proper defendants in a discrimination suit or in a suit for breach of contract between an employee and his employer. Thus, the issues for the Court to decide, raised by the pleadings, are whether the amended complaint relates back to the filing date of the original complaint, and whether plaintiff's action against the Federal defendants should be dismissed as time-barred.

Rule 15(c), Fed.R.Civ.P., permits a party who has amended his pleadings to relate his claim back to the date of the original pleading:

(c) *Relation Back of Amendments.* Whenever the claim or defense asserted

in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

Plaintiff's original complaint, in paragraph three, stated that on January 3, 1978, he was wrongfully removed from his job with the U. S. Postal Service; in paragraph four, that an agreement to consider reinstating plaintiff was entered on September 28, 1978, which was executed by the American Postal Workers' Union and the U. S. Postal Service; in paragraph five, that plaintiff fulfilled all requirements and obligations pursuant to the agreement in order to qualify for consideration for reinstatement; and, in paragraph six, on February 5, 1980, that the manager of Employer Relations for the U. S. Postal Service advised plaintiff that he would not be considered for reinstatement to his job with the Service. In paragraph seven, plaintiff claims that he was wrongfully removed from his job and that he was denied subsequent consideration for reinstatement because of discrimination against him based upon his race, Black, and his physical/mental handicap, alcoholism. In paragraphs eight, nine and ten, plaintiff contends that he was a beneficiary of the contract to consider him for reinstatement to his job if he complied with all the requirements, that he performed his part of the agreement, but that the Postal Service breached the contract, and that the American Postal Workers' Union did not seek to enforce the agreement on plaintiff's behalf.

In his amended complaint (doc. 8), plaintiff asserts that this Court has jurisdiction under 39 U.S.C. § 1209 and 29 U.S.C. § 185 (paragraph 3); that plaintiff is a handicapped person as defined in 29 U.S.C. § 706, because of his alcoholism, and that the Postal Service discriminated against him because of his handicap, in violation of 29 U.S.C. § 794; and, that he was discriminated against because of his race, in violation of Title VII of the Civil Rights Act. Plaintiff also asserts that defendant Postal Service breached the contractual agreement to consider him for reinstatement to his job if he fulfilled certain conditions.

We conclude that the claims asserted in plaintiff's amended complaint arose out of transactions and occurrences that plaintiff attempted to set forth in his original complaint, and that, therefore, the amendment relates back to the date of the original pleading. Rule 15(c), Fed.R.Civ.P. Furthermore, we conclude that plaintiff did not have to seek leave to file his amended complaint because our Order of February 1 (doc. 6) specifically provided that plaintiff was "granted thirty days to file an amended complaint, alleging the jurisdictional basis for his action against the Federal defendants, if any." Since plaintiff filed his amended complaint within such thirty-day period, no leave was required, and service on defendants was proper.

Turning to the question of whether plaintiff's action is time-barred, defendant points out that two causes of action are alleged, the first being for wrongful failure to reinstate in violation of his employment contract, and the second being for wrongful failure to reinstate based on race and handicap discrimination. Defendant claims that the limitations period for the first cause of action is six months from the occurrence of the alleged unfair labor practice under 29 U.S.C. § 160(b), and that the limitations period is thirty days after receipt of notice of final administrative action by an agency under 42 U.S.C. § 2000e–16(c) for the wrongful failure to reinstate based on race and handicap. Plaintiff's amended complaint alleges that he was wrongfully discharged on January 3, 1978, and that on February 5, 1980, he was advised that he would not be considered for reinstatement with the Postal Service. Plaintiff's original complaint in this Court was filed on June 5, 1981.

With regard to plaintiff's claim that the failure to reinstate him was based on race and handicap discrimination, it appears that plaintiff was advised on April 30, 1981 by the acting Regional Director Employee and Labor Relations of the U.S. Postal Service as follows:

Reference is made to your complaint of race and handicap discrimination filed with the EEO Officer, Central Region, dated March 1, 1980.

By letter dated March 16, 1981, you were informed by the EEOC Officer, Buckeye District, that the proposed disposition of your complaint was a finding of no discrimination based on your race and physical handicap. You were also informed of your further appeal rights. Since you chose not to exercise those rights, be advised, this action constitutes our final agency decision.

Our careful review of the complete investigation file revealed no evidence that would cause us to modify or change the proposed disposition you received dated March 16, 1981. Therefore, we are adopting that proposed disposition as our final agency decision.

Your complaint is now closed on the record evidence with the finding of no unlawful discrimination. If you disagree with our final agency decision, you may exercise the attached appeal rights.

The "attached appeal rights" included the right to file a civil action in the appropriate U. S. District Court within thirty days of receipt of the decision, etc. The return receipt on the notice filed as Exhibit D to defendants' motion to dismiss (doc. 10) discloses that delivery of the notice was made on May 6, 1981. The complaint in this action was filed on June 4, 1981. The case file reveals that counsel for the plaintiff prepared "U. S. Marshal's Service Process Receipt and Return" on June 5, 1981, but the return indicates that service was not made until October 1981. We conclude that plaintiff has protected his rights by filing his complaint in District Court within thirty days on his claim for wrongful failure to reinstate based on race and handicap discrimination.

Finally, defendant asserts that plaintiff's claim of unfair representation against the Union is time-barred because plaintiff failed to file suit within the six months' period following notice of the Postal Service's refusal to reinstate him. Defendant argues that plaintiff may not recover against his employer for breach of contract unless he first proves a breach of the duty of fair representation against the Union. Because his action against the Union is time-barred, defendants here argue that plaintiff's action against his employer is barred as well, *citing United Parcel Service v. Mitchell,* 451 U.S. 56, 61, 101 S.Ct. 1559, 1566, 67 L.Ed.2d 732 (1981) (Stewart, J., concurring). We do not agree.

Section 301 of the Labor Management Relations Act (LMRA) provides for a private cause of action by an employee, against an employer, for violations of a labor contract. 29 U.S.C. § 185. Cases, such as the one before us today, in which plaintiff sues both his employer and his Union for breach of the duty of fair representation, are generally referred to as "hybrid" § 301 and breach of duty suits. *Vaca v. Sipes,* 386 U.S. 171, 197 n. 18, 87 S.Ct. 903, 920 n. 18, 17 L.Ed.2d 842 (1966). The fact that the Union is joined as a defendant does not change the nature of the suit; the action is brought under § 301 of the LMRA. *Id.* at 187, 87 S.Ct. at 915.

Section 301 of the LMRA, however, contains no limitation period beyond which an action may not be brought, and courts have not been uniform in deciding which limitations period should be supplied. To resolve this problem, Justice Stewart, concurring in *United Parcel Service v. Mitchell,* 451 U.S. 56, 61, 101 S.Ct. 1559, 1566, 67 L.Ed.2d 732 (1981), advocated application of a uniform statute of limitations for all hybrid § 301 cases. Justice Stewart recommended the courts should apply the six-month limitation period found in section 10(b) of the NLRA for the filing of unfair labor practice claims. 29 U.S.C. § 160(b). He argued that the policy of section 10(b), to "strengthen and defend the stability of bargaining relationships" applied in section 301 cases as well. *Id.* 101 S.Ct. at 1567.

It is this argument of Justice Stewart that defendants urge us to adopt in this case. However, while Justice Stewart's approach is notable, it is not the law. The majority in *Mitchell* held that "the timeli-

ness of a § 301 suit . . . is to be determined, as a matter of federal law, by reference to the appropriate state statute of limitations." *Id.* 101 S.Ct. at 1562, *quoting International Union, UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 704–05, 86 S.Ct. 1107, 1112–13, 16 L.Ed.2d 192 (1966). The Court in *Mitchell* stated that their task was to determine which state limitations period was the most appropriate to apply. *Id.* 101 S.Ct. at 1563. Because the nature of the case before the Court was really an action to vacate an arbitration award, the *Mitchell* Court chose the 90-day period imposed by state law for the bringing of an action to vacate an arbitration award.

 Both the majority in *Mitchell*, and Justice Stewart in his concurring opinion, were concerned that the dispute had already been resolved through arbitration, and both thought that six years was too much time to allow a plaintiff to bring an action to set aside the award. The action before us today, however, cannot be characterized as an action to vacate an arbitration award. In addition to the discrimination claims, this is an action against plaintiff's employer for breach of a written agreement to reinstate him if he fulfilled certain conditions, and against the Union for its failure to adequately represent him and assist him in getting his job back. We recognize that plaintiff's action is based on the Labor Act, but under the authority of *Mitchell*, we find that the most appropriate state law to apply is the Ohio six-year statute of limitations for breach of contract. Ohio Rev. Code § 2305.06. We would not apply the longer fifteen-year statute of limitations for breach of a written contract because this action is based in part on the common-law duty of the Union and application of the fifteen-year statute of limitations would clearly interfere with the rapid resolutions of labor disputes.

We also recognize that the *Mitchell* Court left open the question whether the state statutes of limitation should be applied at all, because the issue was not raised in the courts below. 101 S.Ct. at 1562–63 n. 2. We find, however, that this is not the proper case in which to make new law and establish a federal statute of limitations for section 301 cases. It seems inequitable to this Court to expect persons to pursue their administrative remedies to resolve their disputes and then find that their action is time-barred because they did not file a civil complaint while the administrative process was pending. Here, successful agency action would have resolved the dispute, as plaintiff seeks the same relief in this lawsuit as he sought before the Postal Service. There was, therefore, no reason for him to file suit against the Postal Service while the administrative action was pending.

For the foregoing reasons, it is hereby ORDERED that defendants' motion to dismiss the individual Postal Service employees is granted. Defendants' motion to dismiss the United States Postal Service is denied.

SO ORDERED.