Elisa ROBYN, Plaintiff,

v.

PHILLIPS PETROLEUM COMPANY, Defendant.

Civ. A. Nos. 86–K–600, 87–K–1801.

United States District Court, D. Colorado.

Sept. 23, 1991.

Valerie McNaughton, McNaughton & Rodgers, Denver, Colo., for plaintiff.

Kay J. Rice, Cooper & Kelley, Denver, Colo., for defendant.

## ORDER ON MOTIONS FOR PARTIAL SUMMARY JUDGMENT

KANE, Senior District Judge.

This matter is before me on the motions for partial summary judgment, filed July 12, 1988 and December 29, 1989, by defendant Phillips Petroleum Company against plaintiff Elisa Robyn. I have jurisdiction over this consolidated action under 28 U.S.C. § 1332(a). For the following reasons, I grant in part the December 29 motion and deny it in part. The July 12 motion is denied as moot.

### I. *Facts.*

On March 5, 1986, Robyn commenced this action in Colorado state court. She was then employed by Phillips as a geologist. On March 28, 1986, Phillips removed the action to this court based on diversity and federal question jurisdiction. In her initial complaint, Robyn alleged that Phillips discriminated against her because of her sex by denying her promotions, pay and benefits commensurate with her male coworkers and by subjecting her to a sexist work environment. Her second claim alleged that these events amounted to outrageous conduct. Robyn lost her job with Phillips in May of 1986. Shortly thereafter, she filed a Supplemental Complaint, adding allegations of retaliatory discharge to her discrimination claim.

On February 26, 1987, Robyn was granted permission to file a First Supplemental Complaint, in which she changed the basis for her sexual discrimination claims from state law to Title VII. She also added a federal Equal Pay Act claim and a state law claim for invasion of privacy. On November 27, 1987, she filed a Second Amended Complaint, seeking to add allegations of religious discrimination to her Title VII claim. Three days later, Robyn commenced a separate action in which she alleged the identical religious discrimination claim as that contained in her Second Amended Complaint. By order dated Janu-

ary 4, 1988, the two suits were consolidated for all purposes.

On June 19, 1987 and May 16, 1988, Phillips moved for summary judgment on Robyn's Title VII claims, contending that they were untimely under the statute's 90–day limitations period and that the complaint failed to state a claim for religious discrimination. The court denied summary judgment on the religious discrimination claim, but granted the motion as to the sexual discrimination claim. The court then permitted Robyn to amend her complaint to reassert under state law her claims for sexual discrimination.

On August 15, 1988, Robyn filed her Third Amended Complaint, deleting all former discrimination claims under Title VII, including those based on religious discrimination, and realleging them under the Colorado Antidiscrimination Act. Presently, Robyn's complaint alleges five claims for relief: (1) a claim under the Colorado Antidiscrimination Act for religious and sexual discrimination, (2) a claim for outrageous conduct, (3) a claim for violation of the federal Equal Pay Act, (4) a claim for invasion of privacy, and (5) an undesignated claim alleging negligent breach of employment contract.

Phillips moves for summary judgment on all but the Equal Pay Act claim. Phillips argues (1) Robyn's claim under the Colorado Antidiscrimination Act is barred by the Act's six-month statute of limitations, (2) the complaint fails to state a claim for outrageous conduct, (3) the complaint fails to state a claim for invasion of privacy, (4) there is no actionable claim for negligent termination of employment, and (5) the exclusivity provisions of Colorado's workmen's compensation act bar the latter three claims.

## II. *Merits.*

### A. Statute of Limitations.

█ Phillips contends that Robyn's claim under the Colorado Antidiscrimination Act

of 1957 (the Act), as amended, Colo.Rev. Stat. §§ 24–34–301 to 406 (1988 & Supp. 1990), is barred by the Act's six-month limitations period. The Act provides that "[a]ny charge alleging a [civil rights] violation ... shall be filed with the commission pursuant to section 24–34–306 within six months after the alleged discriminatory or unfair employment practice occurred, and if not so filed, it shall be barred." *Id.* § 24–34–403 (Supp.1990).[1] Phillips alleges that Robyn's claims under the Act are untimely because they are based on events which occurred between May 1980 and April 1986, but her separate complaint for religious discrimination was not filed until November 30, 1987, more than six months after her termination.

This issue is governed by Rule 15 of the Federal Rules of Civil Procedure. Under this rule, "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Fed.R.Civ.P. 15(c). It "deals expressly with the relation back of amended pleadings and covers amendments adding a claim or defense, altering the theory of the action, correcting a misnomer, or changing a party." 6A Charles A. Wright et al., *Federal Practice and Procedure* § 1503 at 171 (1990).

Although the procedural history of this consolidated case is somewhat convoluted, Robyn's most recent allegations of sexual and religious discrimination under state law arise out of the same "conduct, transaction, or occurrence" alleged in her initial complaint filed in state court and removed to this court. By changing the legal basis of this claim from Title VII to the Act and adding allegations of religious discrimination, she simply altered the theories upon

---

**1.** Phillips also suggests that Robyn failed to exhaust her administrative remedies by not filing a complaint with the civil rights commission. In *Wing v. JMB Property Management Corp.,* 714 P.2d 916, 919 (Colo.App.1985), the Colorado Supreme Court held that a complainant under the Act is not required to file a claim with the commission but may choose to seek relief through the courts. *See* Colo.Rev.Stat. § 24–34–306(11). Exhaustion of administrative remedies is not required. *Wing,* 714 P.2d at 919.

which her discrimination claim was based, a purpose directly contemplated under Rule 15(c). *Id.* § 1497 at 94–95 (an amendment changing the legal theory on which the action was originally brought "is of no consequence if the factual situation upon which the action depends remains the same and has been brought to defendant's attention by the original pleading"); *see, e.g., Dent v. United States Postal Serv.,* 538 F.Supp. 1079, 1080–81 (S.D.Ohio 1982) (amendment to assert jurisdictional basis in civil rights action related back); *Baruah v. Young,* 536 F.Supp. 356, 364 (D.Md.1982) (amendment changing basis for discrimination from race to national origin related back); *Thomas v. Southdown Sugars, Inc.,* 484 F.Supp. 1317, 1320 (E.D.La.1980) (complaint amended to assert second incident of racially motivated demotion related back); *Bernstein v. National Liberty Int'l Corp.,* 407 F.Supp. 709, 712–13 (E.D.Pa. 1976) (addition of sex discrimination claim related back to original complaint alleging religious discrimination).

Phillips contends, however, that the relation back doctrine of Rule 15(c) is of no assistance because Robyn did not file her complaint in the religious discrimination suit until November 1987, over six months after she was terminated. The proper complaint for the purpose of relation back, however, is her original complaint removed to this court, not her complaint in the latter religious discrimination suit.[2] This complaint was filed on March 5, 1986, before

her termination from Phillips, and removed here on March 28, 1986, *see Handy v. Uniroyal, Inc.,* 298 F.Supp. 301, 305 (D.Del. 1969) (noting that removal petition considered a "pleading" for purposes of Rule 15(c)), well before the expiration of the Act's statute of limitations.[3] Phillips' motion for summary judgment on Robyn's sex and religious discrimination claim as untimely is therefore denied.

**B. Failure to State a Claim for Outrageous Conduct.**

■ Phillips next moves for summary judgment on Robyn's outrageous conduct claim. In her complaint, Robyn alleges that "Defendant unlawfully gained access to Plaintiff's confidential banking records without her consent by fraudulently representing itself as the Plaintiff." (Compl. ¶ 22(a).) Phillips contends these allegations are insufficient as a matter of law to support an outrageous conduct claim under Colorado law and that Robyn has failed to demonstrate that there is a genuine issue of material fact establishing that Phillips wrongfully obtained the statement.

Although outrageous conduct is a decision for the jury to decide, *Meiter v. Cavanaugh,* 40 Colo.App. 454, 580 P.2d 399, 401 (1978), "it is for the court to determine, in the first instance, whether reasonable persons could differ on the issue." *Denver & Rio Grande Western R.R. Co. v. Forster,* 773 P.2d 612, 614 (Colo.App.1989). In *Rugg v. McCarty,* 173 Colo. 170, 476 P.2d

---

**2.** It is understandable that Phillips focuses on the timeliness of Robyn's complaint in the religious discrimination suit, Case No. 87–K–1801, in addressing the relation-back issue. Robyn's Third Amended Complaint, in which she realleged her sexual and religious discrimination claims under the Act and dropped her Title VII claims, was filed under this case number, and not in her original action, Case No. 86–K–600. She filed this complaint, however, after the court had consolidated the two cases "for all purposes." (Order of Consolidation, filed Jan. 4, 1988). In addition, it contains all of the claims previously included in her most recent complaint in Case No. 86–K–600, not simply her religious discrimination claim. Therefore, I have interpreted the Third Amended Complaint as incorporating the substance of both actions, though it more properly should have been filed under Case No. 86–K–600.

**3.** In addition, Robyn had previously attempted to amend her original complaint to add allegations of religious discrimination under Title VII. (Second Am.Compl., filed Nov. 27, 1987.) Although Robyn did not obtain leave of court to file this amended complaint, the issue was rendered moot when the court granted Phillips' motion for summary judgment on the Title VII sexual discrimination claim and ordered Robyn to amend her complaint "to include claims under the Colorado Civil Rights Act," rather than Title VII. *See* Orders, filed August 5, 1988. On August 15, 1988, she filed her Third Amended Complaint, in which she realleged under the Act her sexual and religious discrimination claim and dropped all claims under Title VII (even though the court had denied summary judgment on the Title VII religious discrimination claim).

753, 756 (1970), Colorado adopted the *Restatement (Second) of Torts'* definition of outrageous conduct. Thus, "[o]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." *Restatement (Second) of Torts* § 46(1) (1965).

> Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

*Id.*, comment d at 73; *see Rugg*, 476 P.2d at 756.

In this case, Robyn's claim is based solely on the company's alleged acquisition of her bank statement. Colorado recognizes that a person has a reasonable expectation of privacy in bank records and financial transactions which must be protected from unreasonable governmental intrusion. *Charnes v. DiGiacomo*, 200 Colo. 94, 612 P.2d 1117, 1120–21 (1980). However, in *Rubenstein v. South Denver Nat'l Bank*, 762 P.2d 755, 757 (Colo.App.1988), the court held that revealing private financial information about a person's line of credit and general financial condition could not be characterized as atrocious and utterly intolerable in a civilized community, and therefore could not support a claim of outrageous conduct as a matter of law.

Although *Rubenstein* involved a suit against a bank and not an employer, as in this case, it is nevertheless instructive. Unlike *Rubenstein*, where the bank revealed financial information to employees and customers of the plaintiff, here Robyn does not allege that Phillips revealed the bank statement to anyone other than to herself and her attorney. She was not even aware that her employer had obtained the statement until she was provided with it during discovery in this case. (Aff. of Plaintiff Elisa Robyn, ¶ 10.) While this may have cause her to feel "outraged and agitated," (*id.* ¶ 16), these actions do not support a claim for outrageous conduct. *Therrien v. United Air Lines, Inc.*, 670 F.Supp. 1517, 1524 (D.Colo.1987) (even if the defendant intended his conduct to inflict emotional distress, liability is not imposed unless such conduct is truly extraordinary); *Steinberg v. Thomas*, 659 F.Supp. 789, 796 (D.Colo.1987) (emotional distress alone cannot support a claim for outrageous conduct).

■ In addition, the pleadings and other papers of record do not contain any evidence that Phillips obtained the statement unlawfully. Robyn attempts to surmount this problem by submitting her affidavit, in which she states that "Phillips gained access to my private bank account, ordered a printout of my current statement with balance, and filed the printout in my personnel file." Affidavit of Plaintiff Elisa Robyn ¶ 6. This statement, however, is not grounded in personal knowledge. *See* Fed. R.Civ.P. 56(e). By Robyn's own admission during her deposition, she knows of no objective facts to establish that her employer obtained the statement improperly, and the bank informed her that it had no record of the disclosure. (Dep. of Elisa Robyn at 68–85.) Thus, her affidavit cannot be relied upon to establish a material issue of fact concerning Phillips' allegedly improper access to her bank statement. For this reason as well, Phillips' motion for summary judgment on Robyn's claim for outrageous conduct must be granted.

C. Failure to State a Claim for Invasion of Privacy.

Phillips likewise moves for summary judgment on Robyn's claim for invasion of privacy. This claim is premised on two events: the presence of Robyn's bank statement in her personnel file and the disclosure of certain excerpts of her personal diary in an examining psychiatrist's report. Phillips asserts that neither provides an adequate basis for an invasion of privacy claim.

■ The *Restatement (Second) of Torts* recognizes four types of invasion of privacy:

> (a) unreasonable intrusion upon the seclusion of another, as stated in § 625B; or
>
> (b) appropriation of the other's name or likeness, as stated in § 652C; or
>
> (c) unreasonable publicity given to the other's private life, as stated in § 652D; or
>
> (d) publicity that unreasonably places the other in a false light before the public, as stated in § 652E.

*Restatement (Second) of Torts* § 652A(2). Of these, only the first is applicable.[4] Under § 652B of the Restatement, "[o]ne who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." *Id.* § 652B. The intrusion itself subjects a person to liability, whether or not there is publication of the information obtained. *Id.* comment b.

The intrusion, however, must be a "substantial one, of a kind that would be highly offensive to the ordinary reasonable man, as the result of conduct to which the reasonable man would strongly object." *Id.* comment d. In Colorado, unwarranted intrusion into private financial matters can form the basis for an invasion of privacy claim. *See, e.g., Rugg v. McCarty*, 173 Colo. 170, 476 P.2d 753, 756 (1970) (allegations that creditor repeatedly harassed debtor and threatened to garnish her wages, without legal basis, stated claim for invasion of privacy). Nevertheless, the perpetrator's action must "foreseeably result in extreme mental anguish, embarrassment, humiliation, or mental suffering and injury to a person possessed of ordinary sensibilities." *Otten v. Birdseye*, 527 P.2d 925, 927 (Colo.App.1974). A claim "does

not extend to supersensitive persons but adopts the standard of the ordinary man." *Rugg*, 476 P.2d at 756.

For example, in *Wells v. Premier Indus. Co.*, 691 P.2d 765 (Colo.App.1984), the court affirmed the dismissal of the plaintiff's invasion of privacy claim against his employer which had revealed financial information about the plaintiff to tax authorities. The court held that the employer's actions were reasonable under the circumstances and that a person of ordinary sensibilities would not be injured by the disclosure. *Id.* at 768. Similarly, in the case of a creditor seeking to collect on a debt, the courts have held that only repeated, unjustified harassment of the debtor will justify an invasion of privacy claim. *Compare Rugg*, 476 P.2d at 754–56 *with Tollefson v. Safeway Stores, Inc.*, 142 Colo. 442, 351 P.2d 274, 276 (1960); *Otten v. Birdseye*, 527 P.2d at 927.

■ Here, Robyn relies on the presence of her bank statement in her employee file, which was provided to her during discovery in this case. Overlooking the lack of evidence, noted above, to establish that Phillips improperly obtained the statement, this situation is distinguishable from cases like *Rugg*. Phillips did not harass Robyn about her financial status or take any other action based on its alleged possession of the statement. Without more, Phillips' acquisition of the bank statement would not be "highly offensive to a reasonable person." *Restatement (Second) of Torts* § 652B. Furthermore, although the *Restatement* recognizes that a cause of action for invasion of privacy will lie when a party forges a court order to examine another's personal bank account information for use in a civil action, *see id.* illustration 4, there are no such allegations here. Phillips' possession of the bank statement, of itself, cannot support Robyn's invasion of privacy claim.

---

**4.** Although the third example, on its face, appears relevant, this type of claim "depends upon publicity given to the private life of the individual." *Restatement (Second) of Torts* § 652D comment a. The private information must be communicated to more than a small group of persons to be characterized as a public communication. *Id.* Since Robyn does not allege that her bank statement or diary entries were publicized in this way, she has not stated a claim for invasion of privacy based on publicity given to private life.

■ Robyn also relies on the disclosure of certain of her diary entries to Phillips. In her complaint, she alleges, "[d]efendant willfully disobeyed a lawful order of Court by disclosing the contents of Plaintiff's personal diary through the psychiatrist contracted by Defendant by virtue of the psychiatrist's publishing of long excerpts from Plaintiff's diary in her report to Defendant as to the results of the court ordered IME [mental examination]." (Compl. ¶ 30.) She further states in her response to Phillips' motion that the above claim

> is against Phillips for the disclosure of the diary to Dr. Morall without communicating to the psychiatrist that the Court has denied access to the diary to anyone but her ... Defendant's actions led to disclosure to the psychiatrist of highly personal details of Plaintiff's life, such as her decision not to have children, and her thoughts on the beginning of her relationship with the man who would become her husband.

(Plaintiff's Resp. to Mot. for Summ. J. at 7–8.)

Robyn attempts by creative pleading to manufacture a cause of action where one does not exist. The above allegations simply misstate the facts. On February 17, 1987, Phillips moved for authorization to conduct a psychological examination of Robyn, and on March 16, 1987, to compel Robyn to produce her personal diary. On May 8, 1987, the court entered an order requiring Robyn to submit to a mental examination and to provide her diary to the examining psychiatrist for use during the examination. Despite this order, Robyn refused to release the diary to Dr. Morall, the examining psychiatrist. On September 4, 1987, Robyn was again ordered to produce her diary to Dr. Morall. Robyn did so and portions of her diary were excerpted in the report provided by Dr. Morall to Phillips.

Given these facts, there is no foundation to Robyn's contention that Phillips had access to her diary and improperly disclosed portions of it to Dr. Morall or any other party. Phillips did not disclose the diary to Dr. Morall; Dr. Morall excerpted portions of it in her report to Phillips. Robyn simply reverses the direction of disclosure to suit her purposes in this lawsuit. These allegations do not state a cause of action for invasion of privacy. *Cf. Anderson v. Glismann*, 577 F.Supp. 1506, 1511–12 (D.Colo.1984) (physician performing court-ordered evaluation cannot be held liable for invasion of privacy based on disclosure of results). To the extent Robyn believed that Phillips or Dr. Morall contravened the court's discovery orders, she should have sought sanctions. She should not seek to amend her complaint to add a new cause of action each time she feels there has been a discovery abuse. Phillips' motion for summary judgment on Robyn's claim for invasion of privacy is granted.

### D. Failure to State a Claim for Negligent Breach of Employment Contract.

■ Robyn alleges in her fifth claim for relief that Phillips negligently or willfully failed to follow its own personnel policies in denying her promotions and raises and in laying her off, and that

> [a]s a direct and proximate result of the foregoing, [Robyn] has suffered compensatory and punitive damages, including but not limited to emotional distress, pain and suffering, loss of enjoyment of life, constant and recurring health problems related to stress and worry, humiliation, loss of esteem, depression, headaches, loss of concentration, physical symptoms, all in amount to be proven at trial.

(Third Am.Compl. ¶ 41.) Phillips responds that these allegations, sounding in tort, fail to state a claim as a matter of law. I agree.

In *Wing v. JMB Property Management Corp.*, 714 P.2d 916 (Colo.App.1985), the court held that Colorado does not recognize a claim in tort for negligent breach of employment contract. The court reasoned that, although " 'Colorado has a tort of wrongful discharge under limited circumstances' " and also recognizes an employer's duty to adhere to personnel policies, these two theories cannot be combined to state a tort claim for negligent termination of employment. *Id.* at 918 (citing *Brooks v. Trans World Airlines, Inc.*, 574 F.Supp.

805 (D.Colo.1983). Simply stated, such a noncontractual duty does not exist. *Id.* Here, Robyn makes the same mistake as the plaintiff in *Wing* in attempting to state a claim, sounding in tort, for negligent termination of employment based on the violation of personnel policies. As presently framed, the fifth claim for relief fails to state a cognizable cause of action.[5]

E. Exclusivity of Workmen's Compensation Act.

Since I hold that Robyn has failed to state a claim for outrageous conduct or invasion of privacy and that there is no claim for negligent breach of employment contract, I need not address whether these claims are precluded by the exclusivity provisions of Colorado's workmen's compensation act.

Accordingly, IT IS ORDERED that Phillips' motion for summary judgment, filed December 29, 1989, is DENIED as to the first claim for relief under the Colorado Antidiscrimination Act and is GRANTED as to the second, fourth and fifth claims for outrageous conduct, invasion of privacy and negligent breach of employment contract, respectively, and

IT IS FURTHER ORDERED that Phillips' motion for summary judgment, filed July 12, 1988, is DENIED as moot, and

IT IS FURTHER ORDERED that a status conference in this case is set for 9:00 a.m., October 31, 1991 in Courtroom C–504.

---

5. I note, however, that Robyn also seems to request contractual damages. (Third Am. Compl. ¶ 39.) Colorado courts have recognized that policies contained in an employee manual "may serve as a basis for altering the terms of an employment at will," *Continental Air Lines, Inc. v. Keenan,* 731 P.2d 708, 710 (Colo.1987), thus giving rise to a breach of contract claim. Should Robyn feel she can state such a claim, she may amend her complaint to do so.