476 P.2d 299 (1970)
The DENVER AND RIO GRANDE WESTERN RAILROAD COMPANY, Plaintiff in Error,
v.
Glenn WOOD and Julia Wood, Defendants in Error.
No. 70-312. (Supreme Court No. 23195.)
Colorado Court of Appeals, Division II.
September 22, 1970.
Rehearing Denied October 14, 1970.
*300 Ernest Porter, Kenneth D. Barrows, Donald D. Pfeifer, Denver, for plaintiff in error.
Haas & Watts, Durango, for defendants in error.
Selected for Official Publication.
COYTE, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
The parties appear before this court in reverse order from their appearance at trial, but for the sake of convenience shall be referred to as they appeared at trial.
The question presented on appeal concerns liability of a railroad for blocking an intersection at night without giving warning of this fact to oncoming motorists. According to the undisputed evidence, the accident in question occurred at approximately 8:45 P. M. at a place known as "Bondad Crossing." At this location, the railroad tracks cross U. S. Highway 550 in a generally northwesterly to southeasterly direction. Defendant's train, consisting of fifty-two cars, was proceeding across the highway at this point when plaintiff struck the thirty-fourth car of the train. According to defendant's employee this train consisted for the most part of empty flat-bed cars. No warning signals were present at this crossing to indicate that a train was blocking the highway by proceeding across the intersection.
Plaintiff testified that he approached the crossing well within the speed limit, with his headlamps on bright, until he reached a point approximately seventy-five to one hundred feet from the crossing. At this point, he dimmed them for a vehicle approaching from the south (the opposite direction) on the opposite side of the crossing. Plaintiff testified that since this vehicle's headlamps were not blocked at any time by defendant's train, he was led to believe that no train was on the crossing at the time. Plaintiff testified that it was at this point, when he dimmed his headlamps, that he first saw the string of flatbed cars going across the intersection and that he thereupon attempted to stop without success.
None of the above facts were seriously disputed at trial. What is in dispute is the reason why plaintiff failed to see the train in time to avoid striking it. Plaintiff testified that an irregularity exists on the highway which caused the headlamps of his pickup to be cast upwards, or over the flat cars as they crossed the highway. At approximately seventy-five to one hundred feet from the tracks, according to plaintiff, this irregularity dips toward the tracks. It is plaintiff's theory that since this irregularity prevents an automobile's headlamps from focusing on flat cars on a train in time to avoid a collision, the railroad has the duty of providing a warning signal at this crossing which would reveal the existence of such flat cars.
Defendant disputed this theory with its own evidence in the form of a survey to indicate that no such irregularity as described by plaintiff existed. It was defendant's theory that plaintiff was inattentive and negligent in failing to keep a proper lookout.
The trial was to a jury which returned a verdict in favor of plaintiff. Defendant now appeals on the grounds that the trial court erred: (1) In refusing to dismiss plaintiff's complaint and in denying its motion for a summary judgment; (2) in refusing to grant defendant's motion for a directed verdict or for judgment notwithstanding the verdict; and (3) in giving Instructions Nos. 1 and 6. Each of these *301 allegations is premised on the supposition that the evidence as presented would not support a verdict in plaintiff's favor.

I.
Under the first alleged error, defendant contends that the complaint fails to state a claim upon which relief may be granted, and that it should have been dismissed or that a summary judgment should have been granted in defendant's favor.
Pleadings must be construed in favor of the pleader. Spomer v. City of Grand Junction, 144 Colo. 207, 355 P.2d 960. Upon a motion to dismiss for failure to state a claim, the facts of the complaint should be taken as true, and then the trial court must determine if under any theory of law plaintiff would be entitled to relief. If relief could be granted under such circumstances, then the complaint is sufficient. Regennitter v. Fowler, 132 Colo. 489, 290 P.2d 223.
Plaintiff's complaint is sufficient. Taking it as a whole, plaintiff alleges that unusual circumstances prevailed at the crossing and that the employees of defendant knew or should have known that plaintiff would be unable to see a train on this crossing at night in time to avoid striking it, and that therefore failure to give warning of this train's presence on the crossing constituted negligence. Defendant contends that even if taken as true, the complaint fails to establish defendant's negligence, since defendant had no duty to provide a warning of the crossing of the train. Defendant argues that the only duty it had was to warn of the existence of the crossing, which it did by establishing prescribed warning signs one thousand feet in advance of the crossing.
There was no duty on the part of railroad employees to provide a warning of the fact that a train was blocking the highway, unless particularly hazardous circumstances existed which were such that employees of the train knew or should have known that a motorist would be unable to avoid striking the train unless a special warning were given. Under such circumstances the law requires the giving of a special warning to motorists. Union Pacific R. Co. v. Cogburn, 136 Colo. 184, 315 P.2d 209; Union Pacific R. Co. v. Snyder, 10 Cir., 220 F.2d 388. Whether or not such conditions exist as would impose upon the railroad the duty of providing additional warnings at a crossing is generally one of fact, to be determined by the trier of fact. Flagg v. Chicago Great Western Railway Co., 8 Cir., 143 F.2d 90.

II.
Defendant's second assignment of error concerns the trial court's refusal to grant its motion for a directed verdict or judgment notwithstanding the verdict.
Such motions, however, are granted only where the evidence, even taken in the light most favorable to plaintiff, would not support a verdict in plaintiff's favor. Palmer Park Gardens, Inc. v. Potter, 162 Colo. 178, 425 P.2d 268.
Taken as a whole, the evidence is sufficient to submit to the jury for determination the question of whether or not defendant was negligent when it coupled a string of empty flat-bed cars together and then failed to give warning of the presence of this string of empty flat-bed cars on the crossing. According to plaintiff's testimony, the headlamps of a vehicle approaching from the opposite side of the tracks were cast over this string of flat-bed cars, which circumstance deluded plaintiff into believing that no train was on the crossing. Plaintiff's testimony also would indicate that an irregularity in the highway existed, which prevented his vehicle's headlamps from striking the string of flat-bed cars. In its entirety, therefore, this evidence would indicate that special circumstances existed at the time and place of the accident and that no notice of the presence of this train was given to plaintiff in sufficient time for him to avoid striking it. While it is true that defendant strenuously argues that there are no irregularities in the highway as it approaches *302 the crossing, it is not the function of this court to pass upon the evidence in terms of credibility but merely to ascertain whether or not the evidence is sufficient to support the findings made. Berae Company v. Gorman, Colo., 452 P.2d 379. No error was committed by the trial court in refusing to direct a verdict for defendant, nor in its refusal to grant defendant's motion for a judgment notwithstanding the verdict, since the evidence is sufficient to support this verdict.

III.
Defendant's final argument deals with the giving of Instructions Nos. 1 and 6.
Instruction No. 1 was objected to primarily on the grounds that it permitted the jury to consider the issue of negligence when there was no legal duty on the part of the defendant to warn plaintiff of the crossing being blocked. As noted above, however, the evidence in this particular instance required the giving of an instruction setting forth the duty owed to plaintiff by defendant under the circumstances as herein presented. The giving of this instruction was not error.
Instruction No. 6 states:
"Under ordinary conditions the presence of a railroad train or car upon a crossing is adequate notice to a traveler approaching the crossing and so the railroad employees need not give additional notice or warning of the danger. In fact, a visible railroad track is itself a warning of danger, and knowledge of the presence of danger from trains or cars standing thereon. Therefore, in the absence of unusual circumstances, it is not ordinarily negligence to operate a train over a crossing without providing lights to warn users of the highway.
The proper test as to the necessity for warning, when a highway crossing is obstructed by an unlighted train at night, is whether the railway employees, in the exercise of proper care, should recognize danger of collision with a highway vehicle operated by a man of ordinary prudence.
If the defendant should have recognized danger of collision due to unusual circumstances, it was the duty of defendant to provide adequate warning commensurate with the danger then existing to persons using the highway."
This instruction was also objected to by defendant. However, as this instruction contains a correct statement of the law, Union Pacific R. Co. v. Cogburn, supra, and as the evidence is sufficient to support the finding of the existence of such unusual circumstances as would give rise to a duty on the part of defendant, the giving of this instruction was not error.
Judgment affirmed.
ENOCH and PIERCE, JJ., concur.