**UNITED STATES of America,
Plaintiff,**

**v.**

**SWEET HOME CENTRAL SCHOOL
DISTRICT et al., Defendants.**

**Civ. No. 75–337.**

United States District Court,
W. D. New York.

Jan. 28, 1976.

Richard J. Arcara, U. S. Atty., Buffalo, N. Y. (C. Donald O'Connor, Asst. U. S. Atty., of counsel), for plaintiff.

Thomas L. David, Buffalo, N. Y., for defendants.

## MEMORANDUM AND ORDER

ELFVIN, District Judge.

The United States Attorney General brought this suit against the above-named defendants pursuant to Title VII of the 1964 Civil Rights Act as amended in 1972 (42 U.S.C. § 2000e et seq.) to secure relief against allegedly discriminatory employment practices based on sex occurring in the hiring of principals for Sweet Home Central School District. This case was referred to the Attorney General by the Equal Employment Opportunity Commission ("EEOC") after EEOC was unable to secure a conciliation agreement (42 U.S.C. § 2000e–5(f)).

As a "Fourth, Separate and Distinct Defense" defendants have set up in their answer the invalidity of EEOC's finding of reasonable cause as not having been preceded by EEOC's giving substantial weight to the final findings made by New York State's Division of Human Rights following its processing of a complaint filed with it by the same individual who lodged charges with EEOC, the same factual matters being at issue before each agency. Defendants have applied pursuant to Rule 12(d) of the Federal Rules of Civil Procedure for a determination before trial of the legal sufficiency of such defense. Defendants' moving papers choose to classify such defense as equivalent to defense (1) as set forth in Rule 12(b)—that the Court lacks jurisdiction over the subject matter of the complaint.

More specifically, defendants argue that 42 U.S.C. § 2000e–5(b) requires certain procedural steps before suit may be brought. One of these procedural steps is a determination that there is reasonable cause to believe that the charge against the employer is true. In making such a determination EEOC is required to " * * * accord substantial weight to final findings and orders made by State or local authorities * * * ". 42 U.S.C. § 2000e–5(b).

The defendants contend that EEOC did not fulfill the statutory mandate to accord substantial weight to the findings of the New York State Division of Human Rights or that it did not at least reconcile in writing its contrary conclusions with those of the State agency, stating the reasons for such conclusions either on the basis of contrary fact findings or contrary conclusions of law. Therefore, defendants argue that this Court is without subject matter jurisdiction, (even though the affidavit of EEOC's District Director Lloyd Bell states that such substantial weight was given and that a statement to that ef-

fect was inadvertently omitted from EEOC's Letter of Determination).

The requirements of 42 U.S.C. § 2000e–5(b) are conditions precedent to suit by EEOC. See, e. g., *Equal Employment Opportunity Commission v. Hickey-Mitchell Co.*, 507 F.2d 944 (8th Cir., 1974); *Equal Employment Opportunity Commission v. duPont Co.*, 373 F.Supp. 1321 (D.Del., 1974), aff'd 516 F.2d 1297 (3rd Cir., 1975). Whether they are jurisdictional requiring an allegation of satisfaction with particularity in the complaint under Fed.R.Civ.P. 8(a), see e. g., *Equal Employment Op. Com'n v. Container Corp. of Amer.*, 352 F.Supp. 262 (M.D.Fla., 1972), or whether they are part of the cause of action requiring only a general allegation of satisfaction in the complaint under Fed.R.Civ.P. 9(c), see, e. g., *EEOC v. Mobil Oil Corp.*, 362 F.Supp. 786 (W.D.Mo., 1973), is not a question presented to this Court. Defendants make no attack on the complaint under Rule 12(b)(6) for failing to state a claim upon which relief can be granted. However, under Rule 12(h)(2) defendants still can make such an attack. Therefore, to prevent delay, the Court will comment upon this related question.

The complaint doesn't allege that all these conditions have been satisfied as required by *Container Corp..* In lieu thereof it says (a) Alice Wilber filed a timely charge with EEOC, (b) EEOC conducted an investigation, (c) EEOC found reasonable cause, (d) EEOC tried to eliminate such practices through conference, conciliation and persuasion, (e) such efforts were unsuccessful and (f) EEOC referred the case to the Attorney General.

Omitted from the allegation are (1) serving notice of Wilber's charges on respondent within 10 days of filing of charges with EEOC and (2) according substantial weight to State agency's final findings and orders in EEOC's process of determining whether reasonable cause exists.

The *Container Corp.* case dealt with defendants' motion to dismiss the complaint, to strike portions thereof and for a more definite statement. The Court reviewed the statutory scheme and found certain deliberate steps—i. e., charge, notice, investigation, reasonable cause and conciliation—to be successive conditions precedent to each subsequent step and ultimately to legal action.

"Certainly, the EEOC does not contend that it could skip one or more of these steps at will. The language of the Act is mandatory as to each step and the Commission must complete each step before moving to the next.

"The allegation of the complaint is that all these conditions have been satisfied. The defendants move to dismiss because, they contend, one or more were omitted. * * *

* * * * * *

"The EEOC argues strenuously that the administrative decision to sue is not reviewable * * *. If, as the defendants contend, there are statutory preconditions to bringing suit, to foreclose judicial inquiry into the satisfaction of the conditions would eliminate them from the Act.

"The Court concludes that the question of the EEOC's satisfaction of the statutory conditions precedent to suit is a proper and indeed a necessary subject of judicial inquiry. Unfortunately, the general allegation of the complaint makes such inquiry difficult, if not impossible. The complaint does not allege with particularity the actions taken by the EEOC to comply with each of the statutory conditions. * * * Thus, the Court is unable to determine whether or not the EEOC has fulfilled all of the conditions precedent to suit. * * *" [*Id.*, at 265–6.]

The complaint was dismissed with leave to amend.

The court in *Container Corp.* implied that it might not be necessary to recite all steps in the complaint. ("Moreover, none of the parties has sought to treat the motion to dismiss as one for summary judgment and augmented the record accordingly." [*Id.*, at 266.])

*Container Corp.'s* holding that the general pleading of satisfaction of all conditions precedent is not sufficient pleading has come under stiff attack. *Equal Emp. Opp. Com'n v. United Aircraft Corp., etc.*, 383 F.Supp. 1313, 1315 (D.Conn., 1974); *Equal Employ. Op. Com'n v. Bartenders Int. U., Loc. U. No. 41*, 369 F.Supp. 827, 828–9 (N.D.Cal., 1973); *Equal Employment Opportunity Com'n v. Eagle Iron Works*, 367 F.Supp. 817, 822–3 (S.D.Iowa, 1973) (suggesting that *Container Corp.* should be limited to situations where serious questions are raised re compliance). But, see *United States v. Allegheny-Ludlum Industries, Inc.*, 517 F.2d 826, 869 (5th Cir., 1975), citing *Container Corp.*, and *EEOC v. Western Elec. Co.*, 382 F.Supp. 787, 796 (D.Md., 1974).

Considering the divergent opinions of these cases, this Court is of the opinion that the sounder approach is that the conditions precedent are a part of the cause of action to which Fed.R.Civ. Proc. 9(c) applies requiring only a general allegation of satisfaction in the complaint. While the instant complaint is not a model of draftsmanship, the allegation therein that EEOC found reasonable cause embraces and for pleading purposes satisfies the statutorily required duty to accord substantial weight to the State agency's final findings and orders.

Because there is no serious question raised by defendants as to the serving of notice, it is unnecessary to discuss it in any detail. However, the second omission is attacked by defendants' motion.

Defendants do not cite any authority (they note the absence of any reported case) for their contention that the giving by EEOC of substantial weight to the final findings of a state agency requires a written explanation by EEOC of contrary factual conclusions. The statute, 42 U.S.C. § 2000e–5(b), does not demand that procedure.

Defendants point to general administrative procedure law placing upon administrative agencies the affirmative duty to state the bases and reasons for their determinations. There is no question that the cases cited by defendants (*Phelps Dodge Corp. v. Labor Board*, 313 U.S. 177, 197, 61 S.Ct. 845, 85 L.Ed. 1271 (1941); *Siegel Co. v. Trade Comm'n*, 327 U.S. 608, 66 S.Ct. 758, 90 L.Ed. 888 (1946); *Environmental Defense Fund, Inc. v. Ruckelshaus*, 142 U.S.App.D.C. 74, 439 F.2d 584, 596–8 (D.C.Cir., 1971)) state the applicable law on that point. However, the failure to explain a conclusion which is contrary to that reached by another agency appears not to come within the purview of these authorities.

Here EEOC was required to make a determination of reasonable cause as to the charge of discrimination. It is not required to determine the correctness of the State agency's determination. Instead EEOC, in viewing the evidence supporting the charge, was required to give substantial weight to the findings of the State agency. Bell's affidavit is not controverted and EEOC's Letter of Determination shows that the same facts were considered as were considered by the State agency. EEOC's file apparently includes a complete copy of the State agency's file (see October 28, 1975 affidavit of Thomas L. David), which circumstance itself implies that its contents were considered by EEOC. A review of the letters of determination of both the State agency and EEOC indicates that the two factual findings by the State as to the composition of the selecting panel and the make-up of the applicant group were considered by EEOC. EEOC's Letter of Determination also includes additional fact findings not included in the State agency's letter of determination.

Any evaluation of whether substantial weight was or was not given to the State agency's findings would be a review of the EEOC's determination of reasonable cause to see if it was supported by sufficient evidence. This appears not to have been the intent of Congress. See *Equal Employment Opportunity Commission v. duPont Co., supra*, wherein it was held:

"The potential for delay and diversion which such an undertaking would

create is substantial; the limited benefit to be derived from such an approach is insufficient to outweigh this drawback. The Commission's determination does not establish rights or obligations; the respondent is entitled to a trial *de novo* in the district court. If the charge is frivolous or misdirected, procedures are there available by which the respondent may extricate himself from liability." (*Id.*, at 1338)

In addition, a review of the purposes of the Act indicates that defendants' highly technical point of view is misplaced. There is no direct appeal of EEOC's determination envisioned in the Act. Instead, Congress placed great emphasis upon informal conciliation and speed. If conciliation fails, a trial in the district court requires a complete review of the evidence and not merely a test of whether EEOC had substantial evidence.

Finally, defendants' *in terrorem* argument of unduly repetitive investigations also is counter to the intent of the Act. In fact, repetitive investigations are envisioned. The following *dicta* in *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974), indicated that such was the Supreme Court's understanding of the Act:

"And, in general, submission of a claim to one forum does not preclude a later submission to another.[8]

[8] For example, Commission action is not barred by 'findings and orders' of state or local agencies  *  *  *." (*Id.*, at 48, 94 S.Ct. 1019)

An independent reading of the Act also fully supports this position.

Defendants said defense hereby is adjudged to be insufficient in law and is stricken from the answer.