**ANCHORAGE JOINT VENTURE,**
**Plaintiff-Appellant,**

v.

**ANCHORAGE CONDOMINIUM ASSOCI-ATION, James Walker, Bruce Waddle, Bruce Paul, John L. Del Mar, and Arnold Cook, as Officers and Board of Managers, Defendants-Appellees.**

No. 82CA0676.

Colorado Court of Appeals,
Div. I.

Feb. 3, 1983.

Rehearing Denied March 24, 1983.

Certiorari Denied Sept. 26, 1983.

Richard S. Hays, Denver, Alan G. Clausen, Dillon, for plaintiff-appellant.

Brownstein, Hyatt, Farber & Madden, Richard S. Bayer, Denver, for defendants-appellees.

STERNBERG, Judge.

This is an appeal from an order dismissing the complaint filed by Anchorage Joint Venture (AJV) seeking damages from Anchorage Condominium Association (the Association). We affirm.

AJV owned an irregularly shaped parcel of real estate in the town of Dillon upon which it desired to construct a condominium complex. In at least two respects such construction would violate ordinances of the town. Therefore, AJV applied for variances from these ordinances from the Board of Adjustment. Feeling its property would be adversely affected by the development, the Association appeared at the hearing before the Board to oppose the variance applications. The Board granted the variances sought by AJV.

After the approval of the variances, the Association filed a C.R.C.P. 106(a)(4) action seeking judicial review of the Board of Adjustment's action. The complaint was jurisdictionally defective because it named the Board but did not also list AJV as a defendant. Thus, that suit was dismissed for failure to join an indispensable party. Because thirty days had expired from the Board's action, the suit, under the provisions of C.R.C.P. 106 then in effect, could not be amended, and the dismissal was a final disposition.

Contending that the C.R.C.P. 106 action had caused delay in the project which resulted in increased legal fees, costs and interest on an outstanding debt, AJV filed this suit seeking damages from the Association. AJV asserted that the failure to join it as a party in the C.R.C.P. 106 action, was *inter alia,* negligence, an abuse of process, and tortious interference with its business expectancies. The trial court granted the Association's motion to dismiss the complaint, holding that the Association had the right to petition the government for redress by means of a C.R.C.P. 106 action and that there were no circumstances present which would justify limiting that right. We agree.

I.

Addressing the principal substantive issue raised by this case, we disagree with AJV's contention that the court erred in holding the Association was constitutionally privileged in filing the C.R.C.P. 106 action.

The petition filed by the Association challenged the approval of a variance from the zoning ordinances of the town of Dillon by the Board of Adjustment. C.R.C.P. 106(a)(4) is the vehicle to be used when an inferior tribunal exercising judicial or quasi-judicial functions is alleged to have exceeded its jurisdiction or abused its discretion. *Van Huysen v. Board of Adjustment,* 38 Colo.App. 9, 550 P.2d 874 (1976).

In its petition, the Association alleged that the Board of Adjustment had abused its discretion by granting a variance. In particular, it alleged that the Board did not give adequate notice of the hearing, it did not make the findings necessary to support its decision, and the decision was not supported by the evidence. We hold that the Association had a constitutionally protected right to institute that proceeding.

The right of access to the courts seeking redress from actions of a governmental en-

tity is one aspect of the right to petition guaranteed by the First Amendment. *See California Motor Transport Co. v. Trucking Unlimited,* 404 U.S. 508, 92 S.Ct. 609, 30 L.Ed.2d 642 (1972). As distinguished from suits between private parties, interested persons who protest governmental action have a lawful right to do so, and the motive, even if malicious, is unimportant if legal grounds existed upon which to predicate their protest. *Matossian v. Fahmie,* 101 Cal.App.3d 128, 161 Cal.Rptr. 532 (1980). To allow the exercise of this right to be tested on a theory of good or bad motive, or likelihood of success would operate only to chill its use. *See Sierra Club v. Butz,* 349 F.Supp. 934 (N.D.Cal.1972). *See also Matossian v. Fahmie, supra.*

## II.

We also hold there is no merit to AJV's contention that the trial court erred in even addressing the Association's claim of privilege under the First Amendment right to petition the government for redress. We do not agree with AJV's contention that this defense could not be used because it had not been raised by the Association as an affirmative defense.

Dismissal for failure to state a claim is appropriate when the plaintiff would not be entitled to relief under any theory. *Denver & Rio Grande Western R.R. Co. v. Wood,* 28 Colo.App. 534, 476 P.2d 299 (1970). A plaintiff's complaint does not state a claim for relief if recovery would be constitutionally prohibited, and when such infirmity appears on the face of the complaint. *Flank Oil Co. v. Tennessee Gas Transmission Co.,* 141 Colo. 554, 349 P.2d 1005 (1960). Here, the complaint disclosed that the claim was based on the Association's exercise of its constitutional right to petition for redress. When the facts alleged do not show that the petition was wrongfully instituted, the right to petition is a valid defense to a tort claim, and the court properly considered the argument on a motion under C.R.C.P. 12(b)(5). *See Sierra Club v. Butz, supra.*

The other contentions of error are without merit.

The judgment is affirmed.

COYTE and KIRSHBAUM, JJ., concur.