Grace A. WING, Plaintiff-Appellant,

v.

JMB PROPERTY MANAGEMENT CORPORATION, an Illinois corporation licensed to do business in the State of Colorado; Steve Duerkop, individually and as agent for JMB Property Management Corporation; Larry Beasley, individually and as agent for JMB Property Management Corporation; H.D. Aylsworth, individually and as agent for JMB Property Management Corporation, Defendants-Appellees.

No. 84CA1187.

Colorado Court of Appeals, Div. I.

Dec. 5, 1985.

Rehearing Denied Jan. 9, 1986.

Devitt & Weiszmann, Jerald J. Devitt, Golden, for plaintiff-appellant.

Mayer, Brown & Platt, Kevin L. Shaw, Thomas P. Johnson, Denver, for defendants-appellees.

PIERCE, Judge.

Plaintiff, Grace A. Wing (Wing), appeals from the trial court's dismissal of all of her claims against her employer JMB Property Management Corporation (JMB), and three other defendants who were employees of JMB. The motion to dismiss under C.R. C.P. 12(b) was filed shortly after the filing of the complaint. We affirm in part, and reverse in part.

Wing's complaint stems from termination of her employment as property manager for apartments managed by JMB. Wing's first claim for relief alleges that JMB operated under a personnel manual; that JMB required its employees to comply with this manual; that Wing justifiably relied upon the provisions and procedures stated in the manual; and, that, therefore, defendants breached her implied contract of employment in that her termination was not effected in accordance with the manual. There is no dispute that Wing had no written employment contract with defendants.

In her second claim for relief, Wing seeks recovery on a tort theory of negligent termination of employment. In her third claim for relief, Wing recites several incidents of sexual harassment and alleges that as a result of defendants' actions, she was ridiculed, threatened, humiliated, and fired. Wing therefore alleges outrageous conduct based upon sexual harassment. Wing's fourth claim for relief seeks punitive damages based on the wanton, willful, intentional, malicious actions of the defendants.

The trial court dismissed Wing's first claim for relief on the basis that Wing had failed to allege facts which overcame the presumption that she was an at-will employee. As to Wing's second claim for relief, the trial court ruled that there is no actionable claim in Colorado for negligent termination of employment. The third claim was dismissed because Wing had failed to exhaust her administrative remedies before the Colorado Civil Rights Commission pursuant to §§ 24–34–301, et seq., C.R.S. Finally, the trial court ruled that the claim for punitive damages was rendered moot because Wing could not prevail on any of the other three claims. We agree with the trial court's rulings only as to Wing's claim for negligent termination.

## I.

Negligent Termination of Employment

■ In support of her claim for negligent termination, Wing relies primarily on *Brooks v. Trans World Airlines, Inc.*, 574 F.Supp. 805 (D.Colo.1983), which cites *Lampe v. Presbyterian Medical Center*, 41 Colo.App. 465, 590 P.2d 513 (1978), and states that: "Colorado has ... a tort of wrongful discharge under limited circumstances." In addition, Wing claims that under *Salimi v. Farmers Insurance Group*, 684 P.2d 264 (Colo.App.1984), a duty exists between an employer and employee where personnel policies exist. We disagree that such a tort or such a non-contractual duty exists.

■ *Lampe* discusses exceptions to the common-law rule of employment at will which exist if an employee is discharged for exercising a statutory right or duty. These exceptions, however, pertain to the law of contracts, and do not provide actionable claims in tort. Similarly, *Salimi v. Farmers Insurance Group, supra*, concerns only a contractual duty.

The exceptions discussed in *Lampe* are not applicable to the allegations made by Wing, and she alleges only failure to perform a contractual obligation. Therefore, the trial court properly dismissed her tort claim of negligent termination for failure to state a claim upon which relief can be granted. C.R.C.P. 12(b)(5).

## II.

Termination of Employment at Will

■ As to Wing's first claim premised on breach of an implied contract, we note that an employer may become contractually bound as a result of an implied contract in a personnel manual or an employer's specific policies. *Brooks v. Trans World Airlines, Inc., supra; Salimi v. Farmers Insurance Group, supra*. Accordingly, the allegations of Wing's first claim are sufficient to state a claim for relief. *See Salimi v. Farmers Insurance Group, supra;* C.R.C.P. 12(b)(5). The trial court, therefore, erred in ruling to the contrary.

## III.

Outrageous Conduct

■ Taking as true the allegations of sexual harassment, plus Wing's allegation of being ridiculed, threatened, humiliated, etc., and of malicious actions on the part of defendants, we conclude that dismissal of her third claim for relief for outrageous conduct was improper. *See Denver & Rio Grande Western R.R. v. Wood*, 28 Colo. App. 534, 476 P.2d 299 (1970). These allegations are sufficient to survive defendants' motion to dismiss under C.R.C.P. 12(b)(5) in that, at this juncture, she has stated a claim upon which relief could be granted.

■ Wing has alleged that her complaints about sexual harassment incidents contributed to her discharge. However, the trial court's holding that she has failed to exhaust her administrative remedies is erroneous. Section 24–34–306(1), C.R.S., permits any person claiming discriminatory practice to file a charge with the Civil Rights Commission. We need not decide if Wing's claim is discriminatory in nature so as to be appropriate for consideration by the Civil Rights Commission because § 24–34–306(1) does not mandate such a filing.

The effect of the statute is to provide an alternative remedy for the vindication of an alleged discriminatory or unfair employment practices. *See* § 24–34–306(11), C.R.S.; *Continental Title Co. v. District Court,* 645 P.2d 1310 (Colo.1982). Therefore, inasmuch as Wing had not filed a claim with the Commission, but rather chose to seek relief through the courts, the principle requiring exhaustion of administrative remedies was inapplicable.

## IV.

### Punitive Damages

■ The allegations set forth in Wing's first, third, and fourth claims for relief are sufficient to support her claim for punitive damages such that that claim also should have been permitted to survive the motion for dismissal under C.R.C.P. 12(b)(5).

The dismissal of Wing's negligent termination claim is affirmed. The dismissals of her other claims are reversed, and the cause is remanded for further proceedings on these claims.

KELLY and BABCOCK, JJ., concur.