752 P.2d 1070 (1988)
In the Matter of the Claim of Robert S. DEMETRY, Petitioner,
v.
COLORADO CIVIL RIGHTS COMMISSION, Civil Rights Division of Colorado, El Paso County Commissioners, and El Paso County Sheriff's Department, Respondents.
No. 86CA0199.
Colorado Court of Appeals, Div. I.
February 11, 1988.
Steven U. Mullens, P.C., Steven U. Mullens, Karen Lambart Spencer, Lynn Palma, Colorado Springs, for petitioner.
Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Laura E. Udis, Asst. Atty. Gen., Denver, for respondents Colorado Civil Rights Com'n and Civil Rights Div. of Colo.
Ann A. Maenpaa, Deputy Co. Atty., Colorado Springs, for respondents El Paso County Com'rs and El Paso County Sheriff's Dept.
METZGER, Judge.
Robert S. Demetry (Demetry) seeks review of the decision of the Colorado Civil Rights Commission (Commission) which upheld the finding of the Director of the Colorado Civil Rights Division (Director) that no probable cause existed to sustain Demetry's charge of discrimination. We conclude that we lack jurisdiction and, thus, dismiss the petition.
Demetry was hired to work as a deputy sheriff for the El Paso County Sheriff's Department in January 1975. While participating in a SWAT team assignment, Demetry suffered an occupational injury to his left knee which necessitated surgery.
Following the injury, Demetry was assigned to work at a desk, answering the telephone reporting system and handling lobby security. He worked at this position for approximately two years.
During this time, Demetry pursued his statutory right to workmen's compensation benefits and obtained an award of benefits for permanent partial disability. Shortly thereafter, Demetry received a notice of termination from the sheriff's department, which provided that his disability rendered him a "liability to the department." Another deputy sheriff was then assigned to fill Demetry's position.
Demetry filed a charge of discrimination with the Colorado Civil Rights Division, alleging that his discharge, based on his handicap, constituted a violation of § 24-34-302, C.R.S. (1982 Repl.Vol. 10). All parties have treated Demetry's disability as a "handicap" within the meaning of § 24-34-301(4), C.R.S. (1982 Repl.Vol. 10). The Director issued a determination that no probable cause existed to support the charge. Demetry appealed the Director's decision to the Commission, which upheld the Director's decision. This proceeding for review followed.
*1071 The respondents contend that this court lacks jurisdiction to consider the merits of Demetry's petition, arguing that the action of the Commission upon the appeal of the Director's finding of lack of probable cause does not constitute final agency action subject to appellate review. We agree.
Discrimination in employment on account of a handicap is prohibited if the person is "otherwise qualified." Section 24-34-302, C.R.S. (1982 Repl.Vol. 10). If one believes that he or she has suffered discriminatory treatment because of a handicap, a charge of discrimination may be filed with the Commission. Section 24-34-306, C.R.S. (1982 Repl.Vol. 10). The Director must make a prompt determination whether probable cause exists for crediting the allegations of the charge. If the Director determines that no probable cause exists, the charge is dismissed. Section 24-34-306(2), C.R.S. (1982 Repl.Vol. 10).
The person aggrieved may then appeal that decision to the Commission. Civil Rights Commission Rule 10.6(A)(1), 3 Colo. Code Reg. 708-1. The Commission may: (1) reverse the Director's decision and take further appropriate action; (2) remand the charge to the Director for further investigation; or (3) uphold the Director's decision. Civil Rights Commission Rule 10.6(B)(1), 3 Colo.Code Reg. 708-1.
If, as here, the Commission upholds the Director's decision to dismiss the charge, no further agency action occurs. The person aggrieved may then file a civil action, alleging discrimination against the employer, in district court. See § 24-34-306(11), C.R.S. (1982 Repl.Vol. 10). This proceeding is de novo in nature, and only during this proceeding is evidence adduced and a record made. See § 24-34-306(11), C.R.S. (1982 Repl.Vol. 10); Wing v. JMB Property Management Corp., 714 P.2d 916 (Colo. App.1985). This procedure must be followed when the Commission upholds the Director's decision dismissing the charge, based upon a finding of a lack of probable cause.
For an order to be final, it must have some determinative consequences for the party to the proceeding. ITT v. Electrical Workers, 419 U.S. 428, 95 S.Ct. 600, 42 L.Ed.2d 558 (1975); see also Colorado Health Facilities Review Council v. District Court, 689 P.2d 617 (Colo.1984). The order must establish the rights and obligations of the parties. United States v. Sweet Home Central School District, 407 F.Supp. 1362 (W.D.N.Y.1976).
We are unaware of any Colorado cases expressly discussing the appealability of a Civil Rights Commission decision dismissing a charge of employment discrimination, based upon the Director's finding of a lack of probable cause. However, we are mindful of several federal decisions construing Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, a statute which forbids employers from discriminating against handicapped employees who are "otherwise qualified," and which provides for a procedure substantially similar to the statutes discussed here.
The federal statute and regulations, like those in Colorado, provide a scheme whereby employees who believe that they have been subjected to discriminatory treatment on account of a handicap may seek administrative investigation of the claims by the Equal Employment Opportunity Commission (EEOC). 42 U.S.C. § 2000e; 29 C.F.R. §§ 1600, et seq. In those instances in which individuals have sought to challenge an EEOC decision declining to pursue charges of discrimination administratively, the federal courts have held consistently that no right to judicial review exists because the EEOC decision is not a final order. See McCottrell v. EEOC, 726 F.2d 350 (7th Cir.1984); Francis-Sobel v. University of Maine, 597 F.2d 15 (1st Cir.1979); Georator Corp. v. EEOC, 592 F.2d 765 (4th Cir.1979); United States v. Sweet Home Central School District, supra. These courts have reasoned that the EEOC cannot conclusively determine individual rights and obligations. Rather, the purpose of the EEOC is to eliminate discrimination in the work place by informal conciliation. United States v. Sweet Home Central School District, supra.
*1072 Any investigation conducted by the EEOC is merely preparatory to further proceedings. If the EEOC finds that probable cause to charge discrimination exists, the rights and obligations of the parties are fixed by de novo proceedings in district court. Similarly, if the EEOC finds no probable cause, the individual is afforded the opportunity to bring a private cause of action, alleging discrimination, in district court. 42 U.S.C. § 2000e-5(f)(1); 29 C.F.R. § 1601.28. Thus, since all preliminary determinations by the EEOC are without legal effect until suit is brought, the EEOC's decision is non-reviewable because it does not constitute a final order.
We find this reasoning persuasive here. The Commission's decision not to prosecute Demetry's charge of discrimination administratively bears no indicia of a final order. There has been no hearing on, or adjudication of, the merits of the charge, nor has there been a determination of the legal rights of the employer and employee. Indeed, §§ 24-34-306(6), (9) & (10), C.R.S. (1982 Repl.Vol. 10) illustrate that the Commission cannot issue a final order in the absence of an evidentiary hearing or default. Rather, the Commission's decision did not affect Demetry's right to bring a private cause of action against his employer in district court, as provided in § 24-34-306(11), C.R.S. (1982 Repl.Vol. 10), for a binding determination on his charge of discrimination.
This proceeding emanates from the Commission's decision dismissing Demetry's discrimination claim. There has been no final decision or order that would afford this court jurisdiction pursuant to § 13-4-102(1)(n), C.R.S. (1987 Repl.Vol. 6A) to consider this petition for review. Accordingly, we need not reach any of the parties' remaining arguments.
Petition dismissed.
PIERCE and CRISWELL, JJ., concur.