Ramona L. **BROOKE**, Plaintiff–Appellant,

v.

**RESTAURANT SERVICES, INC.,** a Colorado corporation, and **Dean C. Peterson,** Defendants–Appellees.

No. 93CA0150.

Colorado Court of Appeals, Div. III.

March 10, 1994.

As Modified on Denial of Rehearing April 28, 1994.

Certiorari Granted Oct. 11, 1994.

Gregson Law Offices, Ronald E. Gregson, Hugh S. Pixler, Denver, for plaintiff-appellant.

Stettner, Miller and Cohn, P.C., Bruce C. Anderson, Kenneth R. Stettner, Denver, for defendants-appellees.

Opinion by Judge TAUBMAN.

Plaintiff, Ramona L. Brooke, appeals the summary judgment entered in favor of the defendants, Restaurant Services, Inc., (RSI) and Dean C. Peterson, on her claims arising from alleged sexual discrimination on the job and her subsequent termination from employment. We affirm.

Brooke was hired by RSI in July 1987 as manager of Simms Landing Restaurant. In expectation of increased salary, she was transferred to manage RSI's Off Belleview Grill in February 1990.

Brooke alleged that Peterson, RSI's president, paid her less than he paid male managers, made derogatory characterizations of female employees in front of others, and directed Brooke to hire female food servers for the sole reason of changing the gender makeup of servers at Off Belleview Grill. Brooke further alleged that she was terminated in May 1992 because she refused to fire a male server on the basis of his gender.

Based on these allegations, Brooke filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) in May 1992. She filed her complaint with the district court in June 1992. Subsequently, she received a letter from the Colorado Civil Rights Commission (CCRC) informing her that filing with the EEOC also constituted filing with it. She received her notice of right to sue letter on October 10, 1992.

In her complaint, Brooke asserted claims for violation of public policy against RSI and Peterson, tortious interference with employment against Peterson, and outrageous conduct against both defendants. She did not state that she had also filed a charge of discrimination with the EEOC.

In August and December 1992, respectively, the trial court dismissed Brooke's public policy tort claim and her outrageous conduct claim on defendants' motion for summary judgment. Defendants attached a copy of Brooke's charge of discrimination filed with the EEOC to their motion to dismiss. At that time, no letter confirming Brooke's right to sue had been issued by the EEOC. Believing there were disputed issues of fact, the trial court denied defendant Peterson's motion for summary judgment on the tortious interference with employment claim on December 9, 1992.

Subsequently, after the tortious interference with employment claim was being tried to a jury, the trial court stopped the trial, excused the jury, and announced to the parties in open court that it had reconsidered its earlier ruling and was now granting defendant Peterson's motion for summary judgment on the tortious interference with employment claim. The trial court stated that its grant of summary judgment was based on its view that the tortious interference claim was essentially a restatement of the first claim and that, in light of its earlier ruling, allegations of sexual discrimination must first be considered administratively either by the Colorado Civil Rights Commission or the federal Equal Employment Opportunity Commission.

The trial court noted that plaintiff had failed to file a claim with either of these agencies and thus had not exhausted her administrative remedies as required by statute. The court also recognized that plaintiff had filed a similar lawsuit alleging sexual discrimination in federal district court.

On appeal, Brooke asserts that the Colorado Anti-discrimination Act, § 24–34–301, et seq., C.R.S. (1988 Repl.Vol. 10A) does not require her to exhaust administrative remedies before the district court could hear her claim. We disagree.

Section 24–34–306(14), C.R.S. (1993 Cum. Supp.) provides:

> No person may file a civil action in the district court in this state based on an alleged discriminatory or unfair practice prohibited by Parts 4 to 7 of this article without first exhausting the proceedings and remedies available to him under this Part 3 unless he shows, in an action filed in the appropriate district court, by clear and convincing evidence, his ill health which is of such a nature that pursuing administrative remedies would not provide timely and reasonable relief and cause irreparable harm.

*See* Colo.Sess.Laws 1989, ch. 207 at 1041.

Interpretation of statutes is a question of law, and appellate courts need not defer to a

trial court's interpretation. To determine the intent of the General Assembly, courts look first to statutory language. If the statutory language leads to alternative constructions and its intended scope is unclear, courts may look to pertinent legislative history to determine which alternative construction is in accordance with the objectives of the legislation. *People v. Terry,* 791 P.2d 374 (Colo. 1990).

Plaintiff contends that the language of § 24–34–306(14), precluding a civil action until administrative remedies are first pursued, is not dispositive because, in *Wing v. JMB Property Management Corp.,* 714 P.2d 916 (Colo.App.1985), a division of this court held that the Anti-discrimination Act provided an alternative remedy for the vindication of alleged discriminatory or unfair employment practices. Thus, the *Wing* court concluded that a claim for outrageous conduct based on sexual harassment could be brought without exhaustion of administrative remedies. Accordingly, plaintiff contends that she properly filed a tortious interference claim in district court without first exhausting her administrative remedies. We perceive no error in the trial court's ruling.

The language of the statute is clear: No claim can be filed in district court until administrative remedies have been exhausted absent a showing that ill health would not allow timely and reasonable relief. Even if we accept plaintiff's contention that, based upon *Wing,* the language of the statute is not facially clear and is subject to more than one interpretation, the legislative history confirms our understanding of the plain meaning of the statute.

When considering the bill which led to the adoption of § 24–34–106(14), the House Committee on State Affairs expressly refused to adopt an amendment proposed by the bill's sponsor that would have eliminated the exhaustion of remedies requirement, despite testimony that an exhaustion of remedies provision was burdensome and unnecessary. *See* Tape Recordings of House State Affairs Committee on S.B. 13, 57th General Assembly, 1st Session (March 14, 1989). Thus, the clear intent of the General Assembly was to require exhaustion of administrative remedies prior to filing a claim in district court.

Accordingly, we hold that *Wing v. JMB Property Management Corp. supra,* which was decided prior to the 1989 amendments, was legislatively overruled by the enactment of § 24–34–306(14), C.R.S. (1993 Cum.Supp.), and thus, a plaintiff bringing a claim for tortious interference with employment based upon sexual discrimination must first exhaust administrative remedies under the Colorado Anti-discrimination Act, unless he or she comes within the ill health exception contained in that statutory provision.

Here, plaintiff did not allege in her complaint or her trial disclosure certificate that ill health brought her within the exception contained in this statutory provision. Accordingly, to the extent that plaintiff's claim for tortious interference with employment was based on alleged sexual discrimination, it could not be brought until she had complied with the procedures in § 24–34–301, et seq., which require, at a minimum, presentation of a claim to the EEOC or CCRC and receipt of a right to sue letter from either commission. Since plaintiff did not assert that she had filed any administrative claim pursuant to § 24–34–301, et seq., in her complaint and did not receive a right to sue letter until after her complaint was filed in district court, her claim for tortious interference with employment was barred by § 24–34–306(14), and the trial court properly so ruled.

Because of this disposition, we need not decide whether the Colorado Anti-discrimination Act is the exclusive remedy for unlawful sexual discrimination claims or whether common law claims may be asserted after exhaustion of the administrative remedies provided by the statute. *Compare Patel v. Thomas,* 793 P.2d 632 (Colo.App.1990) (exhaustion of State Personnel Board administrative remedies not required to bring common law tort claims including tortious interference with employment relationship) *with Ferris v. Bakery, Confectionery & Tobacco Union,* 867 P.2d 38 (Colo.App.1993) (Colorado Anti-discrimination Act creates comprehensive remedial scheme to deal with unlawful discrimination in employment, including sexual harassment); and *Gamble v. Levitz*

*Furniture Co.,* 759 P.2d 761 (Colo.App.1988), *cert. dismissed,* 782 P.2d 1197 (1989) (no public policy wrongful discharge claim under Anti-discrimination Act where statute provides a wrongful discharge remedy).

Because of our disposition, we need not address plaintiff's contention that the trial court erred in concluding she did not adequately state a claim for tortious interference with employment.

Judgment affirmed.

CRISWELL and DAVIDSON, JJ., concur.