20CA1759 Bane v Amazon 12-02-2021 COLORADO COURT OF APPEALS Court of Appeals No. 20CA1759 Arapahoe County District Court No. 20CV90 Honorable Elizabeth Beebe Volz, Judge Mamadou Bane, Plaintiff-Appellant, v. Amazon.com Services, Inc., Defendant-Appellee. JUDGMENT AFFIRMED Division V Opinion by JUDGE GOMEZ Richman and Harris, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced December 2, 2021 Mamadou Bane, Pro Se Littler Mendelson, P.C., Margaret Parnell Hogan, Stephen E. Baumann II, Denver, Colorado, for Defendant-Appellee
1 ¶ 1 Plaintiff, Mamadou Bane, appeals the trial court’s judgment dismissing his complaint against defendant, Amazon.com Services Inc. (Amazon). We affirm. I. Background ¶ 2 Bane alleges the following facts in his amended complaint. He worked as a seasonal delivery driver for Amazon, beginning in May 2019. A few months into the job, he complained to three managers that one of his supervisors, Robert Stepp, was mistreating him. The managers said they would investigate, but Bane never heard back from them. Meanwhile, the situation with Stepp deteriorated. In October 2019, about a month after he lodged his complaint, he ceased working for Amazon, though it’s unclear whether he quit his job or was fired.
1 ¶ 3 Bane, acting pro se, filed a complaint and then an amended complaint asserting claims against Amazon for (1) “incredible and reckless company’s policies violations” and (2) “multiple 1 The allegations concerning the dates of employment are inconsistent, but we assume, as the trial court did, that Bane’s employment ended in October 2019 rather than October 2020. 
2 defamation – slander.”
2 As relief, he sought a judgment declaring Amazon responsible for Stepp’s policy violations, $460 trillion in damages for defamation, and punitive damages. ¶ 4 Amazon filed a motion for a more definite statement pursuant to C.R.C.P. 12(e), arguing that the amended complaint was “so confusing and indefinite” that Amazon couldn’t properly respond to it. Bane filed four responses to the motion, largely restating some of the allegations in his amended complaint and arguing that he had sufficiently stated the bases for his claims. ¶ 5 The trial court granted the motion. In its order, the court expressed that, to the extent that Bane’s responses to the motion were intended to provide a more definite statement of his claims, the information in those responses “does not satisfy the requirement of notice to the defendant of what relief [Bane] is seeking and the basis for that relief.” The court granted Bane an additional fourteen days to “submit an amended complaint in 2 The amended complaint also listed Stepp as a defendant. But Bane never served Stepp with process, so Stepp was not joined in the action and is not a party to this appeal. 
3 compliance with pleading standards,” adding that if he failed to do so the court would dismiss the case without prejudice. ¶ 6 Bane didn’t file another amended complaint. Instead, he filed a response to the court’s order, reiterating some of his factual allegations and adding some additional allegations. ¶ 7 On August 27, 2020, the court entered an order dismissing the complaint. In that order, the court detailed the allegations in the amended complaint and in Bane’s subsequent pleadings and determined that those allegations didn’t state a cognizable claim for relief. Thus, in effect, the court determined that Bane hadn’t stated a claim upon which relief could be granted. ¶ 8 About a month later, Bane filed a response to the dismissal order. In an order entered on October 7, 2020, the court construed his response as a motion for reconsideration and denied it. II. Analysis ¶ 9 Bane challenges the trial court’s orders (1) dismissing his complaint and (2) denying his motion for reconsideration. ¶ 10 Because Bane is appearing without an attorney, we construe his pleadings broadly to effectuate their substance rather than their form. See People v. Cali, 2020 CO 20, ¶ 34. Nonetheless, the fact 
4 that he is self-represented doesn’t relieve him of the pleading requirements to state a claim. See Gandy v. Raemisch, 2017 COA 110, ¶ 41. And while Amazon is correct in arguing that Bane is also bound by procedural rules, see Cikraji v. Snowberger, 2015 COA 66, ¶ 10, we decline its request to strike Bane’s opening brief for failure to comply with the Colorado Appellate Rules. Instead, we “take into account that he appears pro se” and “elect to address his appellate contentions, to the extent we can discern them.” Id. A. Dismissal of the Complaint ¶ 11 We first consider Bane’s challenge to the dismissal order. We reject Amazon’s request that we decline to consider this issue because it isn’t listed in the notice of appeal. One of the documents included as part of Bane’s notice of appeal does list as orders being appealed both the dismissal order and the order on reconsideration. Specifically, that document “demand[s] [this court] to . . . overturn the Arapahoe District Court dismissal motion granted on August 27, 2020 and October 7, 2020.” At any rate, a notice of appeal is “advisory only” and doesn’t bind a party to the issues listed in the notice. People v. Wilson, 397 P.3d 1090, 1094-95 (Colo. App. 2011), aff’d, 2015 CO 37. And the notice of appeal, filed on October 14, 
5 2020, was timely as to both orders. Therefore, we can and do consider Bane’s challenge to the dismissal order. 1. Standard of Review ¶ 12 Pursuant to C.R.C.P. 12(e), within the time for responding to a complaint, a party “may file a motion . . . for a more definite statement of any matter that is not averred with sufficient definiteness or particularity to enable the party properly to prepare a responsive pleading.” If the court grants the motion and the court’s order is not obeyed within the deadline set by the court, “the court may strike the pleading to which the motion was directed or make such order as it deems just.” Id. ¶ 13 Ultimately, after granting the motion for a more definite statement and considering Bane’s response, the trial court dismissed Bane’s complaint for failure to state a claim upon which relief can be granted. We review such dismissals de novo. See Abu-Nantambu-El v. State, 2018 COA 30, ¶ 8. In doing so, we accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. Id. To survive dismissal, a complaint must plead sufficient facts that, if taken as true, suggest plausible grounds to support a claim for relief. Id. 
6 2. Bane’s First Claim for Relief ¶ 14 Bane argues that the trial court erred by dismissing his first claim for relief, which was labeled as “incredible and reckless company’s policies violations.” We disagree. ¶ 15 The trial court construed this claim as one for negligence and described it as asserting that “Amazon failed to properly train Mr. Stepp so that [he] would not violate company policies and/or failed to take action when [he] violated the policies.” The court concluded, after assessing Bane’s allegations in the amended complaint, his response to the motion for a more definite statement, and his response to the order granting that motion, that he hadn’t stated a claim for negligence. The court noted in particular that Bane didn’t “articulate what specific policy be believes was violated”; he didn’t “clearly state how the violation of any given policy injured him or caused him damage”; and, although he referred to negligence per se, “[n]o where in [his] pleadings d[id] he make reference to any statute or ordinance that he claims was violated by Mr. Stepp or Amazon.” ¶ 16 We agree with the trial court’s analysis. 
7 ¶ 17 To state a claim for negligence, Bane had to allege facts that, if proven, would establish that (1) Amazon owed him a legal duty; (2) Amazon breached that duty; (3) he suffered an injury and damages; and (4) Amazon’s breach caused those damages. See Leaf v. Beihoffer, 2014 COA 117, ¶ 12. Or, to state a claim for negligence per se, he had to allege facts that, if proven, would establish that (1) Amazon violated a statutory standard; (2) that violation caused Bane to suffer damages; (3) Bane is a member of the class of persons the statute was designed to protect; and (4) the damages he suffered were the kind the statute was enacted to prevent. See Lombard v. Colo. Outdoor Educ. Ctr., Inc., 187 P.3d 565, 573 (Colo. 2008). ¶ 18 Viewing the allegations in Bane’s amended complaint and his other pleadings in his favor, he alleges the following: • At some point, Bane’s relationship with Stepp deteriorated, and Stepp started assigning Bane more challenging and time-
consuming delivery routes. • Stepp “was back talking, making negative comments about [Bane] and even sharing his productivity numbers with other team members.” 
8 • Bane “suspected that [Stepp] was also discussing [Bane’s] personal information and even other sensitive unlawful topics at work.” • Stepp was on “several occasions rude[,] such as raising his voice, making gestures and being unprofessional.” • Based on comments by some of Bane’s coworkers about his productivity numbers, Bane “had the feeling that [Stepp] was remotely keeping an eye on him most of the time.” • Bane heard some of his coworkers “secretly discussing about some allegations that [Bane] may have made.” • Bane complained to Stepp’s three managers about “Stepp sharing his performance numbers with unauthorized team members, a blatant violation of the company’s policy[,] and . . . making ‘some crazy’ allegations about him.” • Although “upper management took some corrective actions to hide employee’s ID numbers thereafter,” Bane didn’t receive any feedback about the investigation the managers had said they would make into his complaints. • Things got “wors[e]” after Bane lodged his complaints. 
9 • A few days afterward, Stepp assigned Bane to “a route in a remote place in the mountains with network and connectivity issues in Littleton as a retaliation.” • Bane’s employment ended soon thereafter. ¶ 19 These facts, taken as true and construed in the light most favorable to Bane, are insufficient to state a claim for negligence or negligence per se. ¶ 20 As to negligence, the amended complaint and other pleadings don’t explain what duty Amazon supposedly owed to Bane, how Amazon breached that duty, what damages Bane suffered, and how any breach caused those damages. See Leaf, ¶ 12. Although the pleadings suggest that Stepp violated company policies, they don’t refer to any specific policy that he supposedly violated. And even if they did, that alone wouldn’t be sufficient to state a claim, in the absence of facts indicating that the policy somehow created a duty in tort, that this duty was violated, and that Bane suffered damage from the violation. Cf. Wing v. JMB Prop. Mgmt. Corp., 714 P.2d 916, 918 (Colo. App. 1985) (rejecting argument that employer’s personnel policies created a tort duty that could support plaintiff’s negligence claim), superseded by statute on other grounds as stated 
10 in Brooke v. Rest. Servs., Inc., 881 P.2d 409 (Colo. App. 1994), rev’d, 906 P.2d 66 (Colo. 1995). ¶ 21 And, as to negligence per se, the amended complaint and other pleadings don’t refer to any specific statute that Amazon or Stepp violated, don’t explain how any such violation caused Bane to suffer damages, and don’t show either how Bane was a member of the class of persons a statute was designed to protect or how he suffered damages that were the kind the statute was enacted to prevent. See Lombard, 187 P.3d at 573. ¶ 22 Indeed, rather than stating the facts necessary to satisfy the elements of a claim, most of Bane’s allegations are vague, conclusory, and lacking in detail. See Van Rees v. Unleaded Software, Inc., 2016 CO 51, ¶ 26 (“bare bones” allegations were insufficient to state a claim); Warne v. Hall, 2016 CO 50, ¶ 27 (“bare, conclusory assertions” were insufficient to state a claim). ¶ 23 Accordingly, the trial court correctly dismissed this claim. 3. Bane’s Second Claim for Relief ¶ 24 Bane also argues that the trial court erred by dismissing his second claim for relief, which was for defamation/slander. Again, we disagree. 
11 ¶ 25 The trial court described this claim as being premised on Base’s assertions that “Stepp alleged that [Bane] made certain statements” and that “[Bane] denies that he made the statements.” The court concluded that all of the alleged statements, whether made by Bane, Stepp, or anyone else, couldn’t support a claim for defamation because “[t]hey are all matters that are best characterized as opinions of others” and “[n]one of the statements are directed to [Bane’s] character or conduct.” Thus, the court concluded, “[i]f the statements themselves are not defamatory[,] it seems clear that even a false statement that someone made such statements could not be defamatory.” ¶ 26 Again, we agree with the trial court’s analysis. ¶ 27 “Defamation is a communication that holds an individual up to contempt or ridicule thereby causing him to incur injury or damage.” Lawson v. Stow, 2014 COA 26, ¶ 15 (quoting Keohane v. Stewart, 882 P.2d 1293, 1297 (Colo. 1994)). If the defamatory communication is oral it’s considered slander, and if it’s written it’s considered libel. Keohane, 882 P.2d at 1297 n.5. ¶ 28 To state a claim for defamation, Bane had to allege facts that, if proven, would establish that (1) someone made a defamatory 
12 statement concerning him; (2) the statement was made to a third party; (3) the person making the statement was at least negligent in making it; and (4) the statement either caused him to suffer special damages or was the kind of statement that doesn’t require proof of special damages. See Lawson, ¶ 15. Bane would also have to allege facts that could establish Amazon’s liability for statements made by Stepp or other employees. ¶ 29 As to the first element, “[a] statement may be defamatory if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him.” SG Ints. I, Ltd. v. Kolbenschlag, 2019 COA 115, ¶ 19 (quoting Sky Fun 1 v. Schuttloffel, 27 P.3d 361, 369 n.3 (Colo. 2001)). To be defamatory, a statement must be both false and material, meaning that it is “likely to cause reasonable people to think ‘significantly less favorably’ about the plaintiff than they would if they knew the truth.” Id. at ¶ 22 (quoting Bustos v. A & E Television Networks, 646 F.3d 762, 765 (10th Cir. 2011)). ¶ 30 Also, “[s]tatements of pure opinion are constitutionally protected” and, therefore, cannot be considered defamatory. Lawson, ¶ 30. We determine whether an alleged defamatory 
13 statement is protected as opinion by considering (1) whether the statement is sufficiently factual to be susceptible of being proved true or false and (2) whether reasonable people would conclude that the assertion is one of fact. Id. at ¶ 31; see also Zueger v. Goss, 2014 COA 61, ¶ 16. ¶ 31 Viewing the allegations in Bane’s amended complaint and his other pleadings in his favor, he alleges the following: • Stepp at one point “made a ‘stunning comment’ that [Bane] feel[s] uncomfortable to reveal.” • Stepp made unspecified “negative comments about [Bane].” • Stepp falsely accused Bane of making these statements: o the “positive” statements “God bless America,” “God for America,” “America number one,” “Amazon number one,” and “Abraham Lincoln freed African Americans from slavery”; and o the “negative” statements “God destroys,” “judgment of some Americans intelligence,” “secretly insult of Americans,” “insult of Americans,” “insult of Abraham Lincoln,” “100% negative (insults - judgments) self-
confidence in fictional guessing for an unspecified 
14 amount of time (at least 12+ and counting),” “insult of Law Enforcement Officers at training facility in a Municipality of Colorado,” “insult of Jeff Bezos,” “insult of Amazon,” and “fire Amazon.” • Bane has suffered various forms of damage, including “misleading accounts affecting negatively his reputation and public opinion about him.” ¶ 32 Even if these allegations could support the other elements of a defamation claim, they fail to satisfy the first element. ¶ 33 We conclude, as the trial court did, that the “positive” and “negative” statements Bane lists are not defamatory, regardless of who made or was accused of making them. Even the statements he terms as “negative,” like “judgment of some Americans intelligence” and “insult of Abraham Lincoln,” are subjective judgments that neither contain nor imply any verifiable fact. In other words, they are statements of opinion, not statements of fact that can be proved true or false and that reasonable people would consider assertions of fact. See Lawson, ¶¶ 30-31; see also Giduck v. Niblett, 2014 COA 86, ¶ 39 (plaintiff didn’t state a defamation claim because the alleged statements that he was a “charlatan” and had read “too 
15 many Clancy novels,” leading him to exaggerate his resume, were unactionable assertions of opinion). ¶ 34 Even if we assume that the defamatory statement capable of being proved wrong was the statement that Bane had made the various “positive” and “negative” remarks, that still wouldn’t support a defamation claim. A statement that someone had made such innocuous remarks is not the type of statement that would tend to cause such harm to someone’s reputation that it would lower their estimation in the community or deter others from associating with them. See SG Ints., ¶ 19. Nor would it likely cause reasonable people to think significantly less favorably about the person to whom such remarks were attributed. See id. at ¶ 22. ¶ 35 And to the extent that Bane’s claim is based on any other statements alluded to in his complaint and other pleadings, he hasn’t specified what those statements were. Without any detail, his vague, conclusory, and non-detailed allegations fail to state a claim. See Van Rees, ¶ 26; Warne, ¶ 27. ¶ 36 Accordingly, the trial court correctly dismissed this claim. 
16 B. Denial of the Motion to Reconsider ¶ 37 Finally, we consider Bane’s challenge to the trial court’s denial of his motion to reconsider. ¶ 38 Motions to reconsider are addressed to the sound discretion of the trial court. W. Colo. Motors, LLC v. Gen. Motors, LLC, 2016 COA 103, ¶ 21. Accordingly, we review rulings on such motions for an abuse of discretion. Id. at ¶ 48. A court abuses its discretion when its decision is manifestly arbitrary, unfair, or unreasonable, or contrary to law. 23 LTD v. Herman, 2019 COA 113, ¶ 40. ¶ 39 In its order denying reconsideration, the trial court expressed that, “having considered the information provided,” the court “finds that to the extent [Bane] is asking for reconsideration the request is DENIED.” We perceive no abuse of discretion in this ruling. ¶ 40 Having reviewed the record, we conclude that Bane didn’t proffer new grounds to justify changing the dismissal order. His motion to reconsider didn’t offer sufficient additional factual allegations that would save his claims from dismissal. Although we agree that the trial court’s order didn’t reference his new factual assertions or arguments, a court generally doesn’t abuse its discretion by refusing to consider new facts or arguments submitted 
17 in a motion to reconsider. Fox v. Alfini, 2018 CO 94, ¶ 36. And to the extent that Bane’s motion reiterated the same facts and arguments the court had already addressed, the court didn’t abuse its discretion by declining to readdress them. See Steele v. Law, 78 P.3d 1124, 1128 (Colo. App. 2003). ¶ 41 Accordingly, we conclude that the trial court did not abuse its discretion by denying Bane’s motion to reconsider. III. Conclusion ¶ 42 The judgment is affirmed. JUDGE RICHMAN and JUDGE HARRIS concur.